JOHN RALPH GIBSON v. ELMER J. MONTFORD AND DURWOOD
AMAN

No. 703SC318

(Filed 5 August 1970)

1. Automobiles § 50— nonsuit as to driver of third vehicle not involved in
collision

In this action for personal injuries sustained by plaintiff in a
collision between automobiles operated by plaintiff and first defendant,
the trial court did not err in granting motion for nonsuit by second
defendant who was the operator of a third vehicle which did not come
in physical contact with the colliding vehicles.

2. Evidence § 14— exclusion of hospital record

In this action for personal injuries sustained in an automobile
accident, the trial court did not err in the exclusion of a hospital record
indicating that an examination of defendant's blood a short while after
the collision disclosed the presence of a substantial quantity of ethyl
alcohol.

3. Automobiles § 47— description of accident scene by investigating officer

In this action arising out of an automobile accident, no prejudicial
error appears in the admission of testimony by a highway patrolman
with respect to tire marks and the position of the cars when he arrived
at the accident scene.

4. Appeal and Error § 45— abandonment of assignment of error

Assignment of error not brought forward and argued in the brief
is deemed abandoned. Court of Appeals Rule No. 28.

5. Trial § 33— instructions — explaining law arising on the evidence

In this action for personal injuries sustained in an automobile
accident, the trial court sufficiently declared and explained the law
arising on the evidence as to all the substantial features of the case.

APPEAL by plaintiff from Copeland, S.J., November 1969
Civil Session, CARTERET Superior Court.

This is an action to recover for personal injuries sustained
by plaintiff in a collision between automobiles operated by

plaintiff and defendant Montford. Plaintiff alleged that defendant Aman was the operator of a third vehicle, the negligent operation of which was one of the proximate causes of the collision although there was no physical contact between the Aman vehicle and either of the others.

At the conclusion of plaintiff's testimony, defendant Aman's motion for nonsuit as to him was allowed. Issues of negligence, contributory negligence and amount of damages as to plaintiff's claim against defendant Montford were submitted to the jury. The issue of negligence was answered in the negative and from judgment allowing him no recovery, plaintiff appealed.

*Hamilton, Hamilton & Phillips by Luther Hamilton, Sr., for plaintiff appellant.*

*Wheatly & Mason by C. R. Wheatly for defendant appellee Aman.*

*George H. McNeill and Boshamer & Graham by Otho L. Graham for defendant appellee Montford.*

BRITT, J.

[1] Plaintiff assigns as error the granting of defendant Aman's motion for nonsuit at the close of plaintiff's evidence. Suffice to say, we have carefully reviewed the evidence in the light most favorable to plaintiff but find that it fails to disclose any act or omission by defendant Aman which constituted actionable negligence and was a proximate cause of plaintiff's injury and damage. For that reason we hold that the trial court did not err in granting defendant Aman's motion for nonsuit. The assignment of error is overruled.

[2] Plaintiff assigns as error the failure of the court to admit in evidence, over defendant Montford's objection, a record from the Carteret General Hospital indicating that an examination of Montford's blood a short while after the collision disclosed the presence of a substantial quantity of ethyl alcohol in his blood. Plaintiff's able counsel concedes that by reason of the decision in *Sims v. Insurance Co.*, 257 N.C. 32, 125 S.E. 2d 326, and G.S. 8-53 this evidence was not admissible over defendant Montford's objection unless the trial judge should rule that in his opinion the evidence was necessary to a proper administration of justice; but, plaintiff contends that the trial judge abused his discretion in not ordering the admission of the evidence.

We disagree with this contention and do not think any abuse of discretion is shown. The assignment of error is overruled.

[3]   Plaintiff assigns as error the testimony of Highway Patrolman Jones with respect to tire marks, position of cars, etc., at the time the patrolman arrived at the scene. We have scrutinized the patrolman's testimony in light of the other testimony introduced and perceive no prejudicial error in any part of it. The assignment of error is overruled.

[4, 5]   Finally, plaintiff assigns as error the failure of the trial judge in his charge to the jury to "declare and explain the law arising on the evidence" as required by applicable statutes and decisions. We note that plaintiff's assignment of error No. 13 based upon exception No. 13 to a specific portion of the charge is not brought forward and argued in his brief, therefore, it is deemed to be abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina. Considering the charge contextually, as a whole, we think the court sufficiently declared and explained the law arising on the evidence as to all the substantial features of the case. The assignment of error is overruled.

No error.

CAMPBELL and VAUGHN, JJ., concur.