NORMAN D. DALY BY HIS AGENT GRACE W. DALY v. ALDRED
WEEKS
— and —
GRACE W. DALY v. ALDRED WEEKS

No. 708DC624

(Filed 16 December 1970)

1. **Contracts § 26; Evidence § 40— opinion testimony — income from crops
   — failure to give basis for opinion**
   In this action to recover damages for the alleged failure of defendant to perform properly his contract to farm plaintiffs' land during the crop year 1969, the trial court erred in allowing plaintiffs' witness to give his opinion as to the income which would have been received from each crop with proper care without basing the opinion upon facts in evidence.

2. **Contracts § 27— breach of contract to farm land — sufficiency of evidence for jury**
   Plaintiffs' evidence was sufficient for the jury in this action for breach of a contract to farm plaintiffs' land during the crop year 1969.

3. **Appeal and Error § 31— assignment of error based on failure to charge**
   An assignment of error based on failure to charge should set out appellant's contention as to what the court should have charged.

APPEAL by defendant from *Wooten, District Court Judge*, 25 May 1970 Session, WAYNE County District Court.

These are two actions brought by plaintiff to recover damages for the alleged failure of defendant to properly perform his contract to farm plaintiffs' land during the crop year 1969. Plaintiff brings one action in her own behalf and the second as agent for her husband.

The evidence tends to show the following: In the fall of 1968 defendant entered into an oral contract with plaintiff Grace W. Daly, acting for herself in one instance and as agent for her husband, Norman D. Daly, in the other. The contract called for defendant in 1969 to farm the lands owned by plaintiff and her husband on "thirds." "The contract was that he was to tend the crops and whatever the crops brought after the costs of the crop was made he would get two-thirds and we would get one-third. He would pay two-thirds of the fertilizer and curing gas and we would pay one-third."

During the 1969 crop season defendant planted 10 acres of wheat, 7 or 8 acres of soybeans, 35 acres of corn, and 5 acres of tobacco. Defendant harvested all of the wheat except about 1 and ½ acres which he left in the field.

In July 1969 plaintiff became concerned over the condition of the crops and the manner in which defendant was tending them. On 25 July 1969 plaintiff instituted actions for summary ejectment of defendant. These ejectment actions were dismissed upon defendant's appeal to the District Court, and the present actions were instituted shortly thereafter. Ancillary to the present actions, upon motion of plaintiff, a receiver was appointed to complete the marketing of the crops.

Upon trial the jury awarded damages to plaintiff in each action. Defendant appealed.

*Joseph H. Davis for plaintiff.*

*Herbert B. Hulse and George F. Taylor, by Herbert B. Hulse, for defendant.*

BROCK, Judge.

[1] Defendant assigns as error the admission of testimony as to damages. It is defendant's contention that plaintiffs' witness

merely gave an opinion as to the amount plaintiff should have received as one-third of each crop in 1969 without giving any basis for arriving at the opinion. We think defendant's assignment of error has merit.

Plaintiffs' witness Norman Daly was allowed to give opinion testimony. The record discloses the following question and answer with respect to the tobacco crop:

"Q. All right, sir, Mr. Daly, do you have an opinion satisfactory to yourself as to how much the entire tobacco crop, this is the total sales yours and Mr. Weeks' part would amount to in 1969, based on your knowledge of the potential of the land, the season that you had during the crop year, 1969, and the market prices that tobacco brought in 1969, do you have an opinion satisfactory to yourself as to how much the 1969 crop would have brought properly taken care of, tended, cultivated, Mr. Daly? Objection. Overruled.

A. I do.

Q. Now, Mr. Daly, in your opinion how much would that tobacco crop have brought last year properly taken care of? Objection. Overruled.

A. Around $8700.00."

In answer to similarly phrased questions the witness was allowed to answer over objections that the total income from the corn crop would have been $2,000.00; the total income from the wheat crop would have been $1,000.00; the total income from the soybean crop would have been $600.00; and that the total combined income from all of the crops would have been $12,300.00.

The only qualifying testimony and only explanatory testimony as to how the witness arrived at his figure is as follows: "We had farmed for about 38 to 40 years before I retired in 1965. I farmed my farm from 1941 until I retired and farmed my wife's farm from 1934 until I retired. I'm acquainted with the crop season that I had on mine and my wife's farm during the crop year 1969. I am familiar with the market prices that tobacco, corn, soybeans and wheat brought during 1969."

On cross-examination the witness made it clear that the figures he had given were not arrived at by any calculation of

soil quality, weather, expenses, sales, or any other factor; but only "what I thought the crop should bring."

"If any of the factors involved in revenue and costs are estimated, the estimates must be based on facts. A witness will not be permitted to give a mere guess or opinion, unsupported by facts, as to the amount of damages arising upon a breach of contract. The amount of damages is the ultimate issue to be determined by the jury. It is incumbent upon the plaintiff to present facts, as to all reasonable factors involved, that the jury may have a basis for determining damages," *Tillis v. Cotton Mills,* 251 N.C. 359, 111 S.E. 2d 606.

The admission of the opinion testimony as to damages without basing the opinion upon facts in evidence from which the jury could make its reasonable determination of damages was prejudicial error.

[2] Defendant assigns as error the failure of the trial judge to grant his motions for directed verdicts. The evidence of breach of contract required submission of the case to the jury. This assignment of error is overruled.

[3] Defendant's assignments of error to the charge of the Court to the jury are based on defendant's assertion that the Court failed to instruct the jury in certain respects. An assignment based on failure to charge should set out the defendant's contention as to what the Court should have charged. *State v. Wilson,* 263 N.C. 533, 139 S.E. 2d 736. Defendant has failed to do this and the assignment of error is overruled.

For the errors in admission of evidence, there must be a

New trial.

Judges MORRIS and VAUGHN concur.