STATE OF NORTH CAROLINA v. HERMAN DICKENS

No. 717SC337

(Filed 26 May 1971)

1. **Criminal Law § 166— abandonment of assignments of error**

    Assignments of error not brought forward and argued in the brief are deemed abandoned.

2. **Criminal Law § 162— failure to instruct jury to disregard testimony**

    Where trial court sustained defendant's objection to testimony by a deputy sheriff as to what an X-ray showed, but defendant made no motion to strike the testimony and did not request the court to instruct the jury not to consider it, defendant cannot for the first time on appeal object to the failure of the trial court to instruct the jury to disregard the testimony.

3. **Criminal Law § 169— failure to instruct jury to disregard testimony — absence of prejudice**

    In this prosecution for felonious assault, defendant was not prejudiced by failure of the court to instruct the jury to disregard testimony by a deputy sheriff that he saw an X-ray "that showed where the bullet stopped," where defendant admitted shooting the prosecutrix, and the prosecutrix testified without objection to the severity and treatment of the injury she sustained.

4. **Criminal Law § 88; Witnesses § 8— argumentative cross-examination**

    The trial court did not abuse its discretion in the disallowance of argumentative cross-examination of a State's witness.

5. **Criminal Law § 163— grouping of exceptions under single assignment — broadside assignments**

    While it is proper to group two or more exceptions under a single assignment of error when they relate to a single question of law, the grouping of several exceptions relating to different questions of law under a single assignment of error constitutes a broadside assignment and is ineffective.

APPEAL by defendant from *Cohoon, Judge,* 12 November 1970 Session, Superior Court of EDGECOMBE County.

Defendant was charged with feloniously assaulting Reatha Mae Jones with a deadly weapon with intent to kill and inflicting serious injury not resulting in death. The jury returned a verdict of guilty of assault with a firearm inflicting serious injury. Judgment was entered imposing a prison term of five years. Defendant appealed. He was represented at trial by court-appointed counsel. He is represented on appeal by court-appointed counsel. The State of North Carolina has furnished

him a transcript of his trial and has caused the record on appeal and brief to be printed at no cost to him.

*Attorney General Morgan, by Assistant Attorney General Rosser, for the State.*

*Howard A. Knox, Jr., for defendant appellant.*

MORRIS, Judge.

[1] Appellant does not bring forward and argue assignments of error Nos. 1, 3, 5 and 9. Those not brought forward and argued are deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina; *Gibson v. Montford*, 9 N.C. App. 251, 175 S.E. 2d 776 (1970).

[2, 3] By assignment of error No. 2, defendant argues that the court erred in failing to exclude testimony of Deputy Sheriff E. H. Sawyer, Jr., to the effect that he "saw the X-ray that showed where the bullet stopped." The court sustained defendant's objection as to what it showed and overruled it as to seeing the X-ray. Defendant argues that the court should have instructed the jury to disregard the testimony. The record does not reveal the question posed by the solicitor, nor whether objection was made thereto. We can only assume that the answer to a part of which defendant has excepted was partially responsive and partially unresponsive. Defendant interposed no motion to strike that part of the answer stating what the X-ray showed, nor did he request the court to instruct the jury not to consider it. His objection now to the court's failure to instruct the jury comes too late. *State v. Knight*, 247 N.C. 754, 102 S.E. 2d 259 (1958). In any event the evidence was not prejudicial. Defendant admitted shooting the prosecuting witness, and she testified, without objection, to the severity of the injury sustained, the length of time she remained in the hospital, and the treatment she received. This assignment of error is without merit.

[4] Defendant next argues that he was denied the right to cross-examine a witness for the State. The alleged error occurred during the State's rebuttal evidence. Ray Pittman was recalled and examined by the solicitor and testified that he had not seen a pistol of the prosecuting witness. On cross-examination he testified:

"These people could be mistaken when they say they saw a gun in Reatha's hand. I didn't see one. I know she didn't have a pocketbook and she didn't have one in her hand.

Q. So when Linwood Bandy said she had a gun, he was wrong, wasn't he?

OBJECTION: SUSTAINED."

It is obvious that the cross-examination was becoming argumentative. The court had the discretion and the duty to keep the cross-examination within reasonable bounds, and the exercise of that discretion was not error. *State v. Bumper,* 275 N.C. 670, 170 S.E. 2d 457 (1969). This assignment of error is overruled.

[5] Defendant's remaining assignments of error are directed to the court's charge to the jury. The purported assignments of error are not in compliance with our rules. While it is perfectly proper to group two or more exceptions under a single assignment of error where all the exceptions so grouped relate to a single question of law, the grouping of several exceptions relating to different questions of law under a single assignment of error constitutes a broadside assignment of error, therefore, ineffective. *Nye v. University Development Co.,* 10 N.C. App. 676, 179 S.E. 2d 795 (1971). The purported assignments of error to the charge do not quote the portion to which appellant objects nor do they contain a statement of what defendant contends the court should have charged. *Daly v. Weeks,* 10 N.C. App. 116, 178 S.E. 2d 30 (1970). Nevertheless, we have carefully examined the charge of the court and are of the opinion that when read contextually, it sufficiently declared and explained the law arising on the evidence as to all the substantial features of the case and is free from prejudicial error.

No error.

Judges BROCK and HEDRICK concur.