STATE OF NORTH CAROLINA v. BENNIE NORMAN

No. 7315SC559

(Filed 29 August 1973)

1. Criminal Law § 162— nonresponsive testimony — necessity for motion to strike

Defendant's failure to move to strike a nonresponsive answer to a proper question waived any objection thereto.

2. Criminal Law § 96— objection sustained — failure to instruct jury to disregard testimony

Failure of the trial court to instruct the jury to disregard testimony of a State's witness upon the sustaining of defendant's objection cannot be held prejudicial error where the record fails to disclose the nature and substance of the question and answer to which defendant's objection was sustained.

3. Criminal Law § 162— failure to rule on objection — absence of prejudice

Defendant was not prejudiced by failure of the trial judge to rule on his objection to a question calling for hearsay testimony where the witness's answer was proper and merely revealed that he had given a full statement to a law officer.

On Certiorari to review the trial of defendant before Bickett, Judge, 1 March 1971 Session of Superior Court held in Alamance County.

Defendant, Bennie Norman, was charged in a bill of indictment, proper in form, with the murder of Roosevelt Baxter.

Defendant pleaded not guilty, whereupon, the State offered evidence tending to show the following:

At approximately midnight on 5 December 1970, the defendant, Nathaniel Brown (the principal witness for the State), and three other persons went to the home of Alease Richmond in Burlington, North Carolina.

Around 6:00 a.m. the following events occurred according to the testimony of Nathaniel Brown. "I saw Bennie call Roosevent [deceased] in the room where Alease was and he said 'Alease, tell Roosevelt what you told me,' but Alease didn't say anything. All she would say was 'go on Bennie, go on and leave him alone.' So Roosevelt went back in the kitchen . . . . "

Shortly thereafter, the defendant and Alease Richmond engaged in a loud argument which terminated upon the appearance of Roosevelt Baxter. Brown testified further: "[Roosevelt] was coming in with his hand up like this (indicates) and I glanced up and Bennie Norman grabbed up and pulled out a gun. When he pulled out the gun Norman was backing up. I did not see Roosevelt Baxter have anything in his hand. As Baxter came in the room, Norman backed up and pulled out his gun and told him, Baxter, to get back, not to come any further and he, Bennie, fired the gun." Defendant fired several shots and Baxter collapsed on the floor.

A post-mortem examination of the victim disclosed five bullet wounds. Death, according to expert medical testimony, resulted from a bullet wound through the chest which pierced the left lung and heart of the deceased.

Defendant testified and denied committing the murder. Defendant stated.

"I was coming back in the house and heard the shooting. I had just stepped in the front door. I heard four, five or six or three or four shots . . . . * * *

When I heard the shots I did not proceed in the house any further. * * *

After the shooting stopped I stepped in the house further and she, Alease, was in a nervous state of condition. * * *

* * *

I did not have a gun that night. I do not own a gun. I had not had any difficulty that night or argument with Roosevelt Baxter. * * *

State v. Norman

* * *

I haven't any idea who shot Roosevelt Baxter."

Defendant was found guilty of second degree murder and from a judgment imposing a prison sentence of 28-30 years he appealed.

*Attorney General Robert Morgan by Associate Attorney Edwin M. Speas, Jr., for the State.*

*Vernon, Vernon & Wooten, P.A., by Wiley P. Wooten for defendant appellant.*

HEDRICK, Judge.

[1] Defendant first contends that the court erred in failing to rule on his objection to the testimony of Brown that, "Alease was telling him that he killed that man in her house." The challenged testimony was not responsive to the question asked which was itself proper. Defendant objected to the testimony but did not move to strike. Defendant's failure to move to strike the unresponsive answer waived any objection. *State v. Battle,* 267 N.C. 513, 148 S.E. 2d 599; *State v. Dickens,* 11 N.C. App. 392, 181 S.E. 2d 257. Furthermore, similar testimony had been admitted earlier without objection. This contention is without merit.

[2] Next defendant contends that the trial court committed error in not instructing the jury to disregard the testimony of one of the State's witnesses upon the sustaining of the defendant's objection. The exception upon which this argument is based appears in the record as follows:

"MR. HAYES: Objection. If I understand he went without the defendant.

COURT: Objection sustained."

The record fails to disclose the nature and substance of the question and answer to which appellant's objection was sustained. Clearly the exception has no merit.

[3] Defendant further asserts that the trial court committed error when it failed to rule on his timely objection to a question which called for hearsay testimony. While the trial court is required to rule on timely objections, Stansbury, N. C. Evidence, Brandis Revision, Vol. 1, Sec. 28, p. 74, an examination of the

exception upon which defendant's contention is based reveals that, although the question called for hearsay testimony, the answer was in all respects proper and merely revealed that the witness gave a full statement to Mr. Sam George, a member of the Alamance County Sheriff's Department. Defendant was not prejudiced by failure of the trial judge to rule on the objection.

Based on ten exceptions duly noted, defendant contends the trial court erred in its instructions to the jury. We have carefully examined each of these exceptions and find that when the charge is considered contextually as a whole, it is fair, adequate, and correct, and is free from prejudicial error. Defendant's trial in the Superior Court was free from prejudicial error.

No error.

Judges CAMPBELL and VAUGHN concur.