State v. Bost

STATE OF NORTH CAROLINA v. CEDRICK BOST

No. 7610SC968

(Filed 20 July 1977)

1. **Burglary and Unlawful Breakings § 5.8; Larceny § 7— breaking into apartment — larceny of TV — sufficiency of evidence**

    In a prosecution for breaking and entering and larceny, evidence was sufficient to be submitted to the jury where it tended to show that the crimes were committed by a black male wearing a light, sleeveless, undershirt type shirt; defendant, a black male wearing a similar type shirt, was observed within a few minutes after the crimes were committed at a location only two blocks away from the scene of the crimes; he was perspiring, short of breath, and had been running; an automobile arrived and parked near the scene of the crimes only a few minutes before they were committed and the person who committed the crimes placed the stolen TV in this automobile; and defendant's fingerprint was found on this automobile.

2. **Criminal Law § 60.5— fingerprint evidence — time of impression — competency**

    In a prosecution for breaking and entering an apartment and larceny of a TV therefrom, the trial court properly allowed into evidence testimony concerning defendant's fingerprint on a car in the apartment parking lot, though there was no showing that the fingerprint was impressed at the time of the commission of the crimes, since the fingerprint evidence was logically relevant, not to show defendant's presence at the apartment where the crimes were committed, but to connect defendant with the automobile in which the stolen

TV was placed, and, for that purpose, the fingerprint evidence would be relevant even though defendant's fingerprint had been impressed on the car at some time other than when the apartment was broken into.

**3. Criminal Law § 66.2— identification of thief — witness's statement "I imagine" — competency**

In a prosecution for breaking and entering and larceny, the trial court did not err in allowing a witness to testify with respect to the man she saw carrying a TV from the direction of the apartment broken into that "I imagine he was around five feet," since the witness was merely indicating that she was giving a rough estimate of what she had perceived.

**4. Criminal Law § 162.2— objectionable question — failure to object — motion to strike answer properly denied**

The trial court did not err in denying defendant's motion to strike a responsive answer of a State's witness which constituted hearsay where the form of the question should have sufficiently apprised defendant's counsel of the hearsay nature of the answer for which it called, but counsel made no objection to the question.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 16 July 1976 in Superior Court, WAKE County. Heard in the Court of Appeals 3 May 1977.

This is an appeal from sentence imposed on defendant's conviction of felonious breaking and entering and felonious larceny.

The State's evidence showed that during the early evening hours of 17 August 1975 Louise Honeycutt's apartment in the Cameron Village Apartments in Raleigh was broken into in her absence and that a portable TV and items of jewelry were taken. About 8:30 p.m. a car, later determined to be a Ford Mustang registered to one Gregory Bullock of Fuquay-Varina and reported stolen, was seen to pull into the apartment parking lot and to park in the space marked for the Honeycutt apartment. About 8:45 p.m. a neighbor, Ruby Kimball, saw a black man having an Afro hairstyle and wearing a "light looking sleeveless undershirt type shirt" come from the direction of the Honeycutt apartment carrying what appeared to be a TV. When the lights of a passing car shone on him, he squatted down beneath an apple tree until the car passed. He then went to the parked Mustang and put the TV in it. Ruby Kimball phoned the police, who arrived shortly thereafter. The police found the Ford Mustang still parked in the parking lot. A TV set, identified by Louise Honeycutt as hers and as having been

left by her locked in her apartment, was in the back of the Ford. A window screen to the Honeycutt apartment had been torn or cut out and the apartment had been ransacked.

Officer Davis of the Raleigh Police Department started patrolling the immediate vicinity in his patrol car. About ten minutes after first receiving word of the break-in, Officer Davis observed a black male, the defendant, running west on Peace Street toward the Cameron Village Apartments about two blocks east of the apartments. Defendant was perspiring heavily and was short of breath. He was wearing a sleeveless multi-colored tank top shirt. Officer Davis asked defendant for some identification, which defendant produced, but Davis did not search the defendant or further detain him at that time. When Officer Davis left, he saw defendant continue to walk westward, toward the apartments. Approximately thirty minutes later, after a call was put out to find defendant, he was apprehended while using a public telephone at a location approximately 15 blocks away from the Cameron Village Apartments.

A fingerprint expert testified that a latent fingerprint found on the outside of the door just below the window on the driver's side of the Ford Mustang matched the print made by defendant's right hand middle finger. In the opinion of this expert, the fingerprint could have been placed on the vehicle as much as 48 hours prior to the time he examined the vehicle on the night the break-in occurred.

Defendant did not introduce evidence. He was found guilty by the jury, and sentence was imposed on the verdict, from which defendant now appeals.

*Attorney General Edmisten by Assistant Attorney General Robert R. Reilly for the State.*

*Brenton D. Adams for defendant appellant.*

PARKER, Judge.

[1] Defendant assigns error to the denial of his motion for nonsuit. We find the evidence, when considered in the light most favorable to the State, sufficient to take the charges against defendant to the jury. There was evidence that the crimes were committed by a black male wearing a "light looking sleeveless undershirt type shirt." Defendant, a black male wearing a similar type shirt, was observed within a few minutes

after the crimes were committed at a location only two blocks away from the scene of the crimes. He was perspiring, short of breath, and had been running. That he was running toward rather than away from the scene of the crimes presented a factor for the jury to evaluate. The State's evidence in this connection at least unequivocally established his presence near the scene of the crimes at a time shortly after they were committed. There was evidence that an automobile arrived and parked near the scene of the crimes only a few minutes before they were committed and that the person who committed the crimes placed the stolen TV set in this automobile. Defendant's fingerprint was found on this automobile. Although all automobiles are meant to be driven on public streets and are frequently parked in public places, this particular automobile had been stolen from its owner, who lived outside of Raleigh, and nothing in the evidence suggests any legitimate reason why defendant should ever have been sufficiently near the automobile to place his fingerprint upon it. In our opinion the evidence was sufficient to support a legitimate inference which the jury might draw that defendant was the person who was seen placing the stolen TV set in the automobile and that he was the person who committed the crimes with which he was charged. Defendant's motion for nonsuit was properly denied.

[2] Defendant assigns error to the admission in evidence over his objections of the testimony by the fingerprint expert identifying as defendant's the latent fingerprint found on the door of the automobile in which the stolen television set was placed. He contends this testimony should not have been admitted because the evidence failed to show that the fingerprint could have been placed on the automobile only at the time the crime was committed. Evidence that fingerprints found at the scene of a crime are those of the accused is relevant to show that at some time he had been present at the scene. However, the probative force of such evidence to show that the accused committed the crime depends upon the strength of evidence of circumstances from which the jury might find that the fingerprints could have been impressed only at the time of the crime was committed. Thus it is that "[t]he probative force, not the admissibility, of a correspondence of fingerprints found at the crime scene with those of the accused, depends on whether the fingerprints could have been impressed only at the time the crime was perpetrated." *State v. Irick,* 291 N.C. 480, 489, 231

S.E. 2d 833, 839 (1977). Ordinarily, the question whether the fingerprints could have been impressed only at the time the crime was committed is a question of fact for the jury and not a question of law to be determined by the court prior to admission of the fingerprint evidence. *State v. Irick, supra.* In the present case, the fingerprint evidence was logically relevant, not to show defendant's presence at the Honeycutt apartment where the crimes were committed, but to connect defendant with the automobile in which the stolen TV set was placed. For that purpose, the fingerprint evidence in this case would have been relevant even though defendant's fingerprint had been impressed on the car door at some time other than when the Honeycutt apartment was broken into. Such evidence, standing alone, would certainly not have been sufficient to support the verdicts finding defendant guilty in this case. However, it has never been the rule that fingerprint evidence, to be admissible, must be so strong that, considered alone and unsupported by any other evidence showing defendant's guilt, it would withstand a motion for nonsuit. We find no error in the admission of the fingerprint evidence in this case.

[3] Ruby Kimball, the witness who testified to seeing the man who carried the TV set from the direction of the Honeycutt apartment to the parked car, was asked by the District Attorney if she recalled either the build or the height of the person she saw. To this she replied: "Oh, I imagine he was around five——." At this point defendant's counsel objected. The objection was overruled, and the witness completed her answer by saying, "five feet." Defendant assigns the overruling of his objection as error, contending that the witness should have been permitted to testify only to what she saw, not what she imagined. We find no error. The witness was testifying from first-hand observation. Her use of the expression, "I imagine," merely indicated that she was giving a rough estimate of what she had perceived, and the jury must have understood it in this sense. The evidence was competent; its weight was for the jury. *State v. Haney,* 263 N.C. 816, 140 S.E. 2d 544 (1965). This assignment of error is overruled.

[4] The record shows that the following occurred during the direct examination of one of the Raleigh police officers who made an investigation at the scene of the crimes:

> "Q. Now, while you were on the scene, did you get any further information about that vehicle?

A. Yes, sir. While we were still on the scene at approximately eleven minutes after I arrived at the scene, this Mustang was called in to the Raleigh Police Department as being stolen.

Q. Thank you.

Mr. Riley: No further questions.

The Court: Mr. Adams, have you questions?

Mr. Adams: If the Court pleases, I move to strike that last statement of the officer.

The Court: Denied."

Defendant assigns error to the denial of his motion to strike. We find no error. It is true, as defendant contends, that the witness's statement that the automobile "was called in to the Raleigh Police Department as being stolen" was hearsay. However, the very form of the question should have sufficiently apprised defendant's counsel of the hearsay nature of the answer for which it called, and "it is well settled that an objection must be interposed to an improper question without waiting for the answer and, if the objection is not made in apt time, a motion to strike a responsive answer is addressed to the discretion of the trial court, except where the evidence is rendered incompetent by statute." *State v. Perry,* 275 N.C. 565, 571, 169 S.E. 2d 839, 844 (1969). Here, no objection was made when the question was asked; the answer was responsive; no statute is involved; and we find no abuse of the trial court's discretion in denying defendant's motion to strike. Moreover, with commendable candor, defendant's counsel admitted during oral argument on this appeal that he had interposed no objection to the question when it was asked because he had hoped for a favorable answer. Having thus speculated and lost, defendant may not now justly complain because of the denial of his motion to strike. This assignment of error is overruled.

We have carefully examined all of defendant's remaining assignments of error and find them without merit. In defendant's trial and in the judgment appealed from we find

No error.

Judges BRITT and MARTIN concur.