STATE OF NORTH CAROLINA v. AILENE BEAM (STAMEY)

No. 7925SC781

(Filed 5 February 1980)

1. **Criminal Law § 162.4— unresponsive answer—necessity for motion to strike**

An objection on the ground that a witness's answer is unresponsive to the question is properly available only to the party propounding the question. The opponent's appropriate remedy, when it becomes apparent that some feature of the answer is objectionable, is by way of a motion to strike the answer or its objectionable parts, and failure of counsel to move to strike the unresponsive part of an answer, even though the answer is objected to, results in a waiver of the objection.

2. **Criminal Law § 162.4— motion to strike—no relation back to other answers**

A motion to strike, made after other questions are asked, will not relate back to earlier answers which counsel contends should be stricken.

3. **Criminal Law § 162.4— unresponsive answer—absence of motion to strike—waiver of objection**

Defendant waived objection to a witness's unresponsive answer where defense counsel interposed no motion to strike the answer at the time he objected to it.

4. **Constitutional Law § 67— no right to disclosure of details of informant's life**

Where a defendant charged with possession and sale of marijuana could not make a sufficient showing of need to justify disclosure of an informant's identity, she could not compel disclosure of details of the informant's personal life simply because the prosecution disclosed the informant's name.

5. **Narcotics § 3.1— testimony that other charges dropped—irrelevancy**

In a prosecution for possession and sale of marijuana, testimony by defendant's daughter that charges against her for the same offenses had been dropped and by defendant that charges brought against her for selling "downs" to the same undercover agent had been dropped was properly excluded as being irrelevant.

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 28 March 1979 in Superior Court, CATAWBA County. Heard in the Court of Appeals on 17 January 1980.

In this case defendant was charged in two bills of indictment, each proper in form, with (1) possession with intent to sell 19.7 grams of marijuana, a Schedule VI controlled substance, and (2) selling the same to A. P. Carter, an undercover agent with the Catawba County Sheriff's Department, both in violation of G.S. § 90-95(a)(1). The jury returned guilty verdicts on each charge. With respect to the possession offense, the judge sentenced defendant to three years' imprisonment, suspended for three years on stated conditions. For the selling offense, she was sentenced to two years active imprisonment, and she appeals.

*Attorney General Edmisten, by Assistant Attorney General Joan H. Byers, for the State.*

*Lefler, Gordon & Waddell, by Lewis E. Waddell and Robert A. Mullinax, for defendant appellant.*

HEDRICK, Judge.

By her first assignment of error, defendant argues that the court erred in failing to sustain an objection she made on the ground that a witness's answer to a question propounded by

the district attorney was "not responsive." She complains of the following:

> Q. Do you recall the conversation which you had with Debbie Lail at that point in time?
>
> A. At this time she produced a clear plastic bag containing green vegetable material.
>
> Objection, not responsive to the question your Honor.
>
> Overruled.

She contends that the judge should have stricken the answer *in toto*.

[1] We note first that an objection on the ground that the witness's answer is unresponsive to the question is properly available only to the party propounding the question. "The mere fact that the answer is unresponsive is not an objection available to the opponent." C. McCormick, *Handbook of the Law of Evidence* § 52 at 113, n. 26 (1954), citing cases. The opponent's appropriate remedy, when it becomes apparent that some feature of the answer is objectionable, is by way of a motion to strike the answer or its objectionable parts. 1 Stansbury's N.C. Evidence, *Witnesses* § 27 (Brandis rev. 1973). *Accord, State v. Battle*, 267 N.C. 513, 148 S.E. 2d 599 (1966). Moreover, in *Battle*, our Supreme Court, speaking through Justice Higgins, held that failure of counsel to move to strike the unresponsive part of an answer, even though the answer *is* objected to, results in a waiver of the objection. "Even valid objections may be, and are usually waived in the *ordinary* case by failure to follow the recognized practice by motion to strike or by motion to limit if the evidence is not competent. . . ." *Id.* at 520-21, 148 S.E. 2d at 604. [Emphasis added.] *See also State v. McMullin*, 23 N.C. App. 90, 208 S.E. 2d 228 (1974); *State v. Norman*, 19 N.C. App. 299, 198 S.E. 2d 480, *cert. denied*, 284 N.C. 257, 200 S.E. 2d 657 (1973). The Justice's use of the word "ordinary" distinguishes *Battle* from capital cases such as *State v. Henderson*, 285 N.C. 1, 203 S.E. 2d 10 (1974), and *State v. Fowler*, 270 N.C. 468, 155 S.E. 2d 83 (1967), wherein the Court has held that the absence of a motion to strike will not preclude the granting of a new trial when highly prejudicial evidence which should have been stricken was admitted and emphasized in the judge's charge.

[2, 3]  Such is not the case here. This is not a capital case. The answer complained of, while perhaps not responsive to the question posed, was nevertheless admissible evidence. This case is one of those "ordinary" ones which requires that the attorney use the proper incantation. It appears from the record before us, however, that defense counsel interposed no motion to strike the answer at the time he objected to it. Furthermore, no exception to the judge's overruling of his objection is noted in the record at that point. Instead, the district attorney asked and elicited answers to three more questions before opposing counsel made a motion to strike. The motion was allowed, and, at that point, the record inexplicably notes, "Exception No. 1." That is the exception upon which defendant purportedly bases this assignment of error. Clearly, a motion to strike, made after other questions are asked, will not relate back to earlier answers which counsel contends should be stricken. *State v. Pope*, 287 N.C. 505, 215 S.E. 2d 139 (1975); *State v. Lewis*, 281 N.C. 564, 189 S.E. 2d 216, *cert. denied*, 409 U.S. 1046 (1972). We therefore hold that defendant has waived any objection she might have had to the answer of which she now complains. This assignment of error is without merit.

[4]  By her second assignment of error, defendant attacks the refusal of the judge to allow her to elicit, on cross-examination, certain information from the witness Carter regarding the alleged criminal record of his informant, Sybil Waters. The record discloses that Waters' sole role in this case was to introduce Agent Carter to the defendant. We are therefore of the opinion that defendant could not initially have required disclosure of the identity of Carter's informant, since the prosecution is privileged to withhold the identity of an informant unless the informant was a participant in the crime or unless the informant's identity is essential to a fair trial or material to defendant's defense. *State v. Warren*, 35 N.C. App. 468, 241 S.E. 2d 854 (1978); *State v. Brown*, 29 N.C. App. 409, 224 S.E. 2d 193, *cert. denied*, 290 N.C. 552, 226 S.E. 2d 511 (1976). Since the defendant herein could not make a sufficient showing of need to justify disclosure of the informant's identity, we fail to comprehend how she can acquire any greater rights to compel disclosure of details of the informant's personal life, simply because the prosecution has disclosed the informant's name. She has no right to the information and, furthermore, it is

wholly irrelevant to the case. This assignment of error is likewise without merit.

[5] Defendant's third and fourth assignments also relate to evidentiary rulings. She contends first that her daughter, Debbie Lail, should have been allowed to testify that charges against her for the same offense had been dropped and, secondly, that the defendant should have been allowed to testify that prior charges brought against her for selling "downs" to the same agent had also been dropped. Again, defendant argues about wholly irrelevant evidence. In our opinion, what happened to the charges against the witness Lail has absolutely nothing to do with the issue in this case, i.e., whether the defendant is guilty of selling marijuana in violation of the law. Similarly, we find no relevancy in evidence concerning an entirely separate charge against defendant which arose out of an entirely separate incident. We hold that no error flowed from the exclusion of this evidence.

Finally, defendant argues that the court erred in refusing to allow her daughter to testify that neither she nor her mother had ever sold any marijuana to Agent Carter. Suffice it to say that the defendant, not her daughter, was on trial in this case. By her plea of not guilty, she denied that she had sold marijuana to Carter. Whether her daughter had ever sold him anything is totally irrelevant to the determination of defendant's guilt or innocence.

We are persuaded, and so hold, that the defendant had a fair trial free from prejudicial error.

No error.

Judges VAUGHN and CLARK concur.