STATE OF NORTH CAROLINA v. FREDDIE DELANE GILCHRIST

No. 8414SC100

(Filed 6 November 1984)

1. **Narcotics § 3.1— reliability of informant—irrelevant when officer's testimony about defendant based on personal observation**

    In a prosecution for sale and delivery of cocaine and marijuana, and for possession with intent to sell, the trial court properly sustained objections to questions about the reliability or motivation of an informant because the informant's only participation in the drug transactions was to introduce an S.B.I. agent to defendant and to remain in their presence while the agent personally transacted the drug buys charged against defendant.

2. **Narcotics § 3.1— officer's prior knowledge of drugs at scene of drug buy—admissible**

    In a prosecution for sale and delivery of cocaine and marijuana, and for possession with intent to sell, the court did not err by allowing an officer to testify that he had previously seen cocaine in a house where a drug transaction allegedly took place, although the officer may not have been qualified to identify the substance as cocaine. Evidence that the house was known to be a location where illegal drugs could be purchased was relevant and admissible to show defendant's knowledge and intent.

3. **Criminal Law § 87.4— redirect examination—irrelevant information on subject raised by defendant—extraneous information—no prejudice**

    Where an arrest warrant was issued in the name Freddie DeWitt based on an informant's statements, and the magistrate reissued the warrant in defendant's correct name, Freddie Delane Gilchrist, after defendant's arrest, the court did not err in allowing an officer to testify concerning the statements of others about "Freddie" because defendant had already elicited testimony on the subject. The State was entitled to rebuttal, and while some of the information given on rebuttal may have been extraneous, there was no prejudice.

4. **Criminal Law § 85.1— defense counsel's question to defendant regarding prior arrests and trials—properly excluded**

    Defendant cannot complain that testimony of his good character was excluded where his counsel asked whether he had been "arrested, tried, or convicted of anything," did not rephrase his question when given the opportunity to do so, and did not include in the record what his answer would have been.

APPEAL by defendant from *Barnette, Judge.* Judgment entered 23 August 1983 in Superior Court, DURHAM County. Heard in the Court of Appeals 27 September 1984.

Defendant was convicted of sale and delivery of cocaine, possession with intent to sell cocaine, sale and delivery of mari-

juana, and possession with intent to sell marijuana. He was sentenced to three years imprisonment with a six month active term. From the judgment entered, he appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Roy A. Giles, Jr., for the State.*

*Clayton, Myrick and McClanahan, by Jerry B. Clayton and Ronald G. Coulter, for defendant appellant.*

HILL, Judge.

On 24 August 1982 around 9:00 p.m. an informant known only as "Larry" introduced the defendant to Agent Gunter of the S.B.I. who was working undercover on a drug investigation in Durham. The defendant got into a car with Agent Gunter and Larry, and the three proceeded to an address where the defendant said he could get some cocaine. When the three arrived at their destination, Agent Gunter asked the defendant to get him a twenty-five dollar bag of cocaine. The defendant went into a house (hereinafter the "Carolina house") and returned with a bag of white powder which he represented to be cocaine. Agent Gunter took the bag and paid the defendant twenty-five dollars. The defendant then asked Agent Gunter if he wanted some marijuana. Agent Gunter answered affirmatively and requested a ten dollar bag. Agent Gunter, Larry and the defendant drove to another address which the defendant said was his home. The defendant went into an apartment and returned with a bag containing brown vegetable matter which he represented to be marijuana. The defendant gave Agent Gunter the bag and Agent Gunter gave him ten dollars. The encounter between Agent Gunter and the defendant lasted approximately thirty minutes. The substances were later analyzed and testimony at trial indicated that the white powder was cocaine and the brown vegetable matter was marijuana.

An arrest warrant was issued for a person named Freddie DeWitt. At trial Agent Gunter testified that the informant, Larry, told him that the defendant's name was Freddie DeWitt. Testimony at trial indicated that the Magistrate's Office re-issued the warrant with the defendant's correct name, Freddie Delane Gilchrist, on it after the arrest of the defendant.

[1]  In his first assignment of error defendant contends the trial court erred when it sustained objections to questions about the reliability or motivation of the informant known as "Larry." Defendant does not question the police officers' testimony that they could not give Larry's full name because they did not know it, thus preventing defendant from being able to find Larry and call him to the witness stand. Rather, he argues that the court should have allowed him to elicit other information concerning Larry's reliability as an informer from the State's witnesses because Larry was a participant in the alleged offenses and defendant needed this information to prepare a proper defense.

The evidence at trial shows that Agent Gunter was in the company of the defendant for approximately thirty minutes during which time the Agent personally transacted the drug buys charged against the defendant. Agent Gunter's testimony concerning his identification of defendant as the person who sold him drugs was based upon his own observations and not upon information received by him from the informant. The informant's only participation in the drug transactions concerned herein was to introduce the State's witness to the defendant and to remain in their presence while the illegal transactions occurred. Therefore, the informant's reliability or credibility was not an issue in this case. *State v. Orr*, 28 N.C. App. 317, 220 S.E. 2d 848 (1976), cited by defendant in his argument, is distinguishable on the facts from the case *sub judice* because there the defendant claimed the informant had entrapped him, thus making the informant's credibility an issue.

The prosecution is privileged to withhold the identity of an informant unless the informant was a participant in the crime or unless the informant's identity is essential to a fair trial or material to defendant's defense. *State v. Beam*, 45 N.C. App. 82, 262 S.E. 2d 350 (1980). A defendant must make a sufficient showing that the particular circumstances of his case mandate disclosure before the identity of a confidential informant must be revealed. *State v. Watson*, 303 N.C. 533, 279 S.E. 2d 580 (1981). When the defendant fails to make a sufficient showing of need to justify disclosure of the informant's identity he acquires no greater rights to compel disclosure of details about the informant than he initially had. *State v. Beam*, 45 N.C. App. 82, 262 S.E. 2d 350 (1980). In the present case, the defendant has failed to

State v. Gilchrist

establish that any additional information about the informant was relevant to his defense or essential to a fair determination of his case. Because the informant was not a participant in the offense and the informant's reliability or credibility was not at issue, we hold the trial court properly sustained objections to questions about the informant.

[2] In his next assignment of error, defendant argues the trial court erred in allowing Officer Edwards to testify that he had previously seen cocaine in the Carolina house where one of the drug transactions allegedly took place. In drug cases, this Court has allowed evidence concerning the reputation of a place or neighborhood when such evidence tends to show the intent of the person charged. *State v. Lee*, 51 N.C. App. 344, 276 S.E. 2d 501 (1981). In this case evidence that the Carolina house was known to be a location where illegal drugs could be purchased was relevant and admissible to show defendant's knowledge and intent at the time of the offense. Although Officer Edwards may not have been qualified to identify the specific substance seen as cocaine, the effect of his testimony was simply to establish that the Carolina house was known as a place where drugs could be bought. Therefore, we find that the admission of this testimony did not constitute prejudicial error.

[3] Next, defendant contends the trial court erred in allowing Officer Edwards to testify concerning the statements of others about "Freddie." Defendant, on cross-examination, elicited testimony from Agent Gunter and Officer Edwards concerning the use of the name "Freddie DeWitt" on the initial arrest warrant. It appears that defense counsel by delving into this subject was attempting to infer that the offense could have been committed by someone else. The State did not proceed to explain how the name "Freddie DeWitt" got on the arrest warrant until after the matter was introduced by the defendant. In *State v. Stanfield*, 292 N.C. 357, 364, 233 S.E. 2d 574, 579 (1977), our Supreme Court stated:

[Where defense counsel on cross-examination of a witness brings out evidence tending to show that someone else was suspected of committing the crime charged, the State is entitled to introduce evidence in explanation or rebuttal thereof, even though such evidence would have been irrele-

vant had it been offered initially by the State. In such a case, the defendant has "opened the door" to this testimony and will not be heard to complain.

In the present case the State had the right to explain the evidence brought out on cross-examination by defense counsel and to rebut any negative inferences arising therefrom. While defendant may be correct in arguing that the witness gave extraneous information in his rebuttal, we do not believe the admission of such evidence prejudiced the defendant.

[4] Defendant's final assignment of error is that the trial court erred in refusing to allow him to introduce evidence of his good character. Defense counsel asked defendant while he was on the witness stand whether he had been "arrested, tried or convicted of anything." While counsel could ask about defendant's prior convictions, he could not properly inquire about prior arrests or trials. *See State v. Alford*, 289 N.C. 372, 222 S.E. 2d 222, *death sentence vacated*, 429 U.S. 809, 50 L.Ed. 2d 69, 97 S.Ct. 46 (1976). Defense counsel was given an opportunity to rephrase his question in a more acceptable form at trial, but he failed to do so. Moreover, the record does not show what his answer would have been as is required. *State v. Shaw*, 293 N.C. 616, 239 S.E. 2d 439 (1977), *overruled on other grounds*, 306 N.C. 629, 636-37, 295 S.E. 2d 375, 379 (1982). Defendant cannot complain that testimony of his good character was excluded at trial when his own counsel failed to properly elicit this information.

We hold defendant received a fair trial free from prejudicial error.

No error.

Judges ARNOLD and WELLS concur.