STATE OF NORTH CAROLINA v. DONALD EDWARD JOHNSON

No. 8512SC1170

(Filed 17 June 1986)

**Constitutional Law § 67— disclosure of informant's identity not required—error**

> The trial court committed reversible error in denying defendant's motion
> to compel the State to disclose the identity of a confidential informant where
> the informant, rather than acting as a tipster, actually participated in the drug
> sale and accepted meprobamate from defendant when the drug sale was con-
> summated; the informant's identity was necessary to defendant's defense since
> the undercover officer wavered in his identification of defendant during a
> pretrial photographic lineup, but convincingly identified defendant at trial;
> prior to defendant's arrest there was no evidence of defendant's commission of
> a criminal offense, other than the undercover officer's allegations; and the
> State made no assertion that disclosure of the identity of the confidential in-
> formant would jeopardize any pending investigation or the flow of information.

APPEAL by defendant from *Preston, Edwin S., Judge.* Judg-
ment entered 13 June 1985 in Superior Court, CUMBERLAND Coun-
ty. Heard in the Court of Appeals 11 March 1985.

On 29 November 1984, a warrant was issued for the arrest of
defendant, Donald E. Johnson. The warrant charged, *inter alia,*
that on 29 August 1984, defendant had sold and delivered a con-
trolled substance to Agent G. W. Johnson, to wit: Lysergic Acid
Diethylamide (LSD). On 4 March 1985, the Cumberland County
Grand Jury returned a true bill indicting defendant Donald Ed-
ward Johnson for the following: Possession with intent to sell a
controlled substance (two counts); possession with intent to
deliver a controlled substance (two counts); sale of a controlled
substance (two counts); and delivery of a controlled substance
(two counts). Prior to trial defendant made a motion for disclosure
of the identity of a confidential informant utilized by the
Cumberland County Bureau of Narcotics. Defendant's motion was
denied. On 10 June 1985, defendant was tried before a jury. The
State's evidence tended to show the following: Detective Wayne

Johnson, under the supervision of Agent Ronnie Purdue, made contact with a confidential informant. On 29 August 1984, the State's confidential informant took Detective Wayne Johnson to a white duplex residence in Fayetteville, North Carolina. The confidential informant introduced the detective to a person whom the informant referred to as "Snag." Detective Johnson testified that a discussion ensued between Snag and him about the purchase price of twenty units of Lysergic Acid Diethylamide (LSD). The informant drove Snag and Detective Johnson to a nearby trailer park where Detective Johnson handed Snag eighty dollars ($80.00). Snag went into a trailer and returned with a small plastic bag containing twenty units of LSD. The trio returned to the duplex on Bowden Road, whereupon Snag offered Detective Johnson and the informant methaqualone free of charge, which they accepted. However, laboratory analysis established that what was represented to be methaqualone was actually meprobamate, a controlled substance.

During the trial defendant's evidence tended to show that he did not live in the duplex that the confidential informant took Detective Johnson to; that he was not known by the nickname of Snag; that he did not sell drugs to Detective Johnson or anyone else.

The jury returned guilty verdicts against defendant for possession with intent to sell LSD, G.S. 90-95(a)(1); selling LSD, G.S. 90-95(a)(1); delivery of LSD, G.S. 90-95(a)(1); possession with intent to deliver meprobamate, G.S. 90-95; and delivery of meprobamate, G.S. 90-95. The court consolidated the LSD convictions and imposed a ten-year prison term. The court also consolidated defendant's convictions for felonious possession and delivery of meprobamate and imposed a two-year term, suspended for five years, to begin at the expiration of the ten-year prison term. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Sylvia Thibaut, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender David W. Dorey, for defendant.*

JOHNSON, Judge.

The only issue that we must decide is whether the trial court committed reversible error in denying defendant's motion to com-

pel the State to disclose the identity of the confidential informant. In support of his motion defendant relies upon *Roviaro v. United States*, 353 U.S. 53, 1 L.Ed. 2d 639, 77 S.Ct. 623 (1957). In *Roviaro*, petitioner was charged with violating the Narcotics Drug Import and Export Act by selling heroin to a confidential informant known only as "John Doe." Petitioner was also charged with having knowingly transported heroin to be unlawfully imported. In response to petitioner's motion before and during the trial, the government claimed that John Doe was a confidential informant and his identity was privileged. The United States District Court upheld the privilege asserted by the Government. In *Roviaro*, with six Justices concurring and one Justice dissenting, the Court's synopsis of the fact pattern of the case was stated as follows:

> This is a case where the Government's informer was the sole participant, other than the accused in the transaction charged. The informer was the only witness in a position to amplify or contradict the testimony of government witnesses. Moreover, a government witness testified that Doe denied knowing petitioner or ever having seen him before.

*Roviaro*, at 64-65, 1 L.Ed. 2d at 647, 77 S.Ct. at 630. The Court decided that a balancing test, as follows, should be applied in deciding whether disclosure should be granted.

> We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informant's testimony, and other relevant factors.

*Id.* at 62, 1 L.Ed. 2d at 646, 77 S.Ct. at 628. In *State v. Gilchrest*, 71 N.C. App. 180, 321 S.E. 2d 445 (1984), *disc. rev. denied*, 313 N.C. 332, 327 S.E. 2d 894 (1985), this Court, without mention of *Roviaro, supra*, held the following:

> The prosecution is privileged to withhold the identity of an informant unless the informant was a participant in the crime

or unless the informant's identity is essential to a fair trial or material to defendant's defense. A defendant must make a sufficient showing that the particular circumstances of his case mandate disclosure before the identity of a confidential informant must be .revealed. When the defendant fails to make a sufficient showing of need to justify disclosure of the informant's identity he acquires no greater rights to compel disclosure of details about the informant than he initially had. In the present case, the defendant has failed to establish that any additional information about the informant was relevant to his defense or essential to a fair determination of his case. Because the informant was not a participant in the offense and the informant's reliability or credibility was not at issue, we hold the trial court properly sustained objections to questions about the informant.

*Gilchrest*, at 182-83, 321 S.E. 2d at 447-48 (citations omitted). In *Gilchrest*, defendant did not assert a need to know the confidential informant's identity so that defendant could have a fair trial. The defendant in *Gilchrest* merely sought to attack the reliability and credibility of the confidential informant. In the case *sub judice*, defendant, in support of his motion, stated the following:

VIII   That there is no independent evidence of the events leading up to Defendant's arrest other than the testimony of Agent Johnson.

IX   That meaningful disclosure of the alleged C.S.I.'s identity is material and crucial to Defendant's preparation of his defense; it is only through such disclosure that defendant can have access to the sole witness who may both directly corroborate his defense and impeach the witnesses against him.

Defendant contends that the confidential informant in the case *sub judice* was not a tipster, but was an actual participant in the commission of the offense for which defendant was charged. We agree. In *State v. Parks*, 28 N.C. App. 20, 220 S.E. 2d 383 (1975), *disc. rev. denied*, 289 N.C. 301, 222 S.E. 2d 701 (1976), this Court relying on *State v. Ketchie*, 286 N.C. 387, 211 S.E. 2d 207 (1975) and *McLawhorn v. State of North Carolina*, 484 F. 2d 1 (4th Cir. 1973), stated, "If the informant can testify as to the details surrounding the *actual* crime, then the defendant should be given the opportunity to establish his credibility as a witness." *Parks*,

at 25, 220 S.E. 2d at 386 (emphasis in original). In the case *sub judice*, according to Agent Johnson, the State's confidential informant would be able to testify with respect to every aspect of testimony he gave as the State's primary witness. In *Parks*, the drug deal for which defendant was convicted was separate and apart from the drug deal that the State's confidential informant gave the undercover agent an entree for. In sustaining the defendant's conviction the Court in *Parks, supra,* stated "without question, the informants provided Eastman [State Bureau of Investigation Agent] with the necessary entree to defendant's purported drug business, but once the course of dealing was established on 30 August 1974 and defendant felt confident that he was dealing with a safe buyer, the relationship became one uniquely personal between defendant and Eastman." *Id.* at 26, 220 S.E. 2d at 386. The evidence presented in the case *sub judice*, tends to show that the confidential informant played an integral part and would have firsthand knowledge of the criminal offenses defendant was charged with. The State's confidential informant's presence was required during every phase of Agent Johnson's undercover investigation. There is no evidence which would support an assertion that defendant felt confident he was dealing with a safe buyer or that the relationship between Agent Johnson and defendant was uniquely personal. According to evidence presented by the State, the confidential informant participated in this drug sale and accepted meprobamate from defendant when the drug sale was consummated. Moreover, defendant rightfully contends that the confidential informant's identity is necessary to his defense since Agent Johnson wavered in his identification of defendant during a pre-trial photographic lineup, but convincingly identified defendant at trial. The State's confidential informant could, as defendant contends, testify that defendant is not the person Agent Johnson was introduced to as Snag. Prior to defendant's arrest there was no evidence of defendant's commission of a criminal offense, other than Agent Johnson's allegations. The circumstances of this case boil down to a swearing match between defendant and Agent Johnson. We understand that it was within the jury's province to decide the issue based on the evidence before it; however, under the circumstances of this particular case, we deem that defendant has established that the disclosure of the identity of the State's confidential informant is essential to a fair determination of his case. The record herein does not reveal

any assertion by the State that the disclosure of the identity of the confidential informant would jeopardize any pending investigation or the flow of information as was asserted in *Roviaro, supra*. When we balance defendant's right to a fair trial against the free flow of information, we find that the scales tip in defendant's favor.

New trial.

Judges ARNOLD and WHICHARD concur.