State v. Keys

STATE OF NORTH CAROLINA v. DOROTHY MAE KEYS

No. 872SC349

(Filed 20 October 1987)

1. **Constitutional Law § 67— identity of informant—failure to show participation in crime**

    In a prosecution for trafficking in heroin by possession, defendant failed to show that a confidential informant was a participant in the crime so as to require the State to disclose his identity where the evidence showed that two informants gave police information used to obtain a search warrant for defendant's premises; the discovery of heroin in defendant's pocketbook occurred in the ordinary course of the search of defendant's premises and was not facilitated at the time of the search by any other person; and the information given in advance by either informant did not indicate that one of the informants was or might have been a participant in the crime charged.

2. **Constitutional Law § 67— identity of informant—failure to show necessary to defense**

    Defendant failed to show that the disclosure of the identity of a confidential informant was material to the preparation of her defense on the ground that the informant, if present at her arrest, may have evidence favorable to her, where defendant failed to show what this favorable evidence might be, and where defendant knew and recognized the four persons who were present at the time of her arrest and could have gained the evidence necessary for her defense by subpoenaing such persons to testify.

3. **Searches and Seizures § 24— affidavit for search warrant—current information —implication of premises to be searched**

    An affidavit contained sufficiently current information and sufficiently implicated the premises to be searched to establish probable cause for the issuance of a warrant to search defendant's residence where it was based on one informant's statement that he had seen defendant selling packets of heroin at a specified address within the past forty-eight hours and on a second informant's statement that defendant was selling heroin in the Washington area and was bringing the heroin to Washington from out of state.

**4. Narcotics § 3.1— irrelevant evidence—harmless error**

      Assuming an officer's testimony that he had surveyed the address where heroin was found for some nine to twelve months and had observed defendant at that address prior to her arrest was irrelevant in this prosecution for trafficking in heroin by possession, the erroneous admission of such testimony was not prejudicial to defendant.

**5. Narcotics § 4.6— trafficking by possession of heroin—amount of heroin possessed—instructions**

      In a prosecution for trafficking in heroin by possession of more than four but less than fourteen grams of heroin, the trial court's instructions in substance stated all the relevant and legally correct propositions requested by defendant concerning the amount of heroin which defendant must have possessed to be found guilty of the crime charged.

**6. Narcotics § 4.3— possession of heroin found in pocketbook—sufficiency of evidence**

      The State's evidence was sufficient to show that defendant possessed heroin found in a pocketbook in her residence so as to support her conviction of trafficking in heroin by possession where it tended to show that defendant was sitting alone on a couch in her living room when the police entered her residence; a woman's pocketbook was lying next to her on the couch; upon request, defendant handed the pocketbook to an officer without disclaiming ownership; and a search of the pocketbook revealed a large quantity of heroin and two identification cards and a charge account card issued in defendant's name.

**7. Narcotics § 2— trafficking in heroin by possession—amount of heroin—indictment not fatally defective**

      An indictment for trafficking in heroin by possession was not fatally defective because it charged that defendant possessed "more than four but less than fourteen grams of heroin" rather than "four grams or more, but less than 14 grams of heroin" as stated in N.C.G.S. § 9-95(h)(4)a, since the amount stated in the indictment, while excluding a prosecution for exactly four grams as allowed by the statute, was clearly within the confines of the statute.

APPEAL by defendant from *Lewis (John B., Jr.), Judge.* Judgment entered 2 December 1986 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 28 September 1987.

Defendant Dorothy Mae Keys was arrested and indicted for felonious trafficking in heroin by possession, in violation of N.C.G.S. § 90-95(h)(4).

At trial the State's evidence tended to show the following.

On 1 July 1986 Agent Malcolm McLeod, relying upon information obtained from two reliable confidential informants, applied for and received a warrant authorizing a search of the premises

at 120 West 7th Street, Washington, North Carolina, and for defendant's person. The search warrant was also executed on 1 July 1986.

While searching the residence at 120 West 7th Street, Agent McLeod examined the contents of a woman's pocketbook he found sitting next to defendant on the living room couch. In the pocketbook Agent McLeod discovered a large quantity of white powder, cash, and three identification cards issued in defendant's name. A subsequent chemical analysis of the white powder disclosed it contained heroin.

Defendant presented no evidence in her own behalf.

After deliberation, a jury found defendant guilty of trafficking in heroin by possession of more than four grams but less than fourteen grams. The trial court sentenced defendant to an active term of sixteen years. After judgment was entered, defendant made motions to set aside the judgment and for a new trial, which were denied. Defendant appeals from this judgment.

*Attorney General Lacy H. Thornburg, by Associate Attorney General James A. Wellons, for the State.*

*Mary K. Nicholson and Mark V. L. Gray, for defendant appellant.*

ORR, Judge.

I.

Defendant first assigns error to the trial court's denial of her motion to suppress the State's evidence obtained by the search warrant. She contends the State, by refusing to disclose (1) the identity of one of its two informants, and (2) whether that informant was present at the time of her arrest, prevented her from formulating a defense with which to challenge the proffered evidence and, thus, deprived her of due process.

"Nondisclosure of an informant's identity is a privilege justified by the need for effective law enforcement . . . ." *State v. Grainger*, 60 N.C. App. 188, 190, 298 S.E. 2d 203, 204 (1982), *disc. rev. denied*, 307 N.C. 579, 299 S.E. 2d 648 (1983).

This Court in *State v. Gilchrist*, 71 N.C. App. 180, 321 S.E. 2d 445 (1984), *disc. rev. denied*, 313 N.C. 332, 327 S.E. 2d 894 (1985), clearly stated the law in North Carolina on this question holding:

> The prosecution is privileged to withhold the identity of an informant unless the informant was a participant in the crime or unless the informant's identity is essential to a fair trial or material to defendant's defense. *State v. Beam*, 45 N.C. App. 82, 262 S.E. 2d 350 (1980). A defendant must make a sufficient showing that the particular circumstances of his case mandate disclosure before the identity of a confidential informant must be revealed. *State v. Watson*, 303 N.C. 533, 279 S.E. 2d 580 (1981). When the defendant fails to make a sufficient showing of need to justify disclosure of the inform-ant's identity he acquires no greater rights to compel disclo-sure of details about the informant than he initially had. *State v. Beam*, 45 N.C. App. 82, 262 S.E. 2d 350 (1980).

71 N.C. App. at 182, 321 S.E. 2d at 447-48.

[1] On appeal defendant first asserts that one of the State's two informants may have been a participant in the crime she is charged with, and hence that informant's identity was discover-able.

Defendant was charged and convicted, pursuant to N.C.G.S. § 90-95(h)(4)a, of trafficking in heroin by possession of more than four grams but less than fourteen grams. This crime has two ele-ments: (1) knowing possession (either actual or constructive) of (2) a specified amount of heroin. *State v. Weldon*, 314 N.C. 401, 403, 333 S.E. 2d 701, 702 (1985); *State v. Rogers*, 32 N.C. App. 274, 278, 231 S.E. 2d 919, 922 (1977). The defendant need not interact in any way with another individual to facilitate the commission of this crime.

In the present case, the information justifying the issuance of the search warrant was obtained from two informants prior to the police entry into 120 West 7th Street. Agent McLeod's discovery and examination of the pocketbook occurred in the ordinary course of the search of the premises and was not facilitated at the *time* of the search by any other person.

Therefore, the information given in advance by either inform-ant in no way indicates that one of the informants was or might

have been a participant in the crime charged. No other evidence was introduced that would lead to a conclusion that either informant was a participant. For this reason, we find no grounds to conclude that the activity displayed by either informant in this case was that of a participant. Defendant's argument is rejected.

[2] Next defendant contends disclosure of the informant's identity is material to the preparation of her defense.

"[A] defendant who requests that the identity of a confidential informant be revealed must make a sufficient showing that the particular circumstances of his case mandate such disclosure." *State v. Watson*, 303 N.C. 533, 537, 279 S.E. 2d 580, 582 (1981); *State v. Gilchrist*, 71 N.C. App. 180, 321 S.E. 2d 445.

Defendant argued at the voir dire hearing that the informant, if present at defendant's arrest, may have evidence favorable to defendant. Defendant failed, however, to tell the trial court what this favorable evidence might be. More importantly four persons — defendant's father, defendant's brother, an adult female, and an adult male, all of whom were known and recognized by defendant — were present at the time of her arrest. Through her discovery, defendant knew prior to trial that the State did not intend to call any of these persons as witnesses. Therefore, defendant could have subpoenaed one or all of these persons to testify at trial on her behalf and thereby gain the evidence necessary for her defense.

We find defendant failed to make a sufficient showing that disclosure of the informant's identity was essential to her defense.

[3] Next, defendant argues her motion to suppress was improperly denied because the search warrant, under which the evidence was gathered, lacked probable cause.

Relying on *State v. Goforth*, 65 N.C. App. 302, 309 S.E. 2d 488 (1983), defendant asserts that the affidavit offered in support of the search warrant contained stale information and failed to implicate the premises to be searched.

In *Goforth* our Court said to test the timeliness of a search warrant,

[t]he general rule is that no more than a 'reasonable' time may have elapsed. The test for 'staleness' of information on which a search warrant is based is whether the facts indicate that probable cause exists at the time the warrant is issued. *Sgro v. United States*, 287 U.S. 206, 77 L.Ed. 260, 53 S.Ct. 138 (1932); *State v. King*, 44 N.C. App. 31, 259 S.E. 2d 919 (1979).

*Goforth*, 65 N.C. App. at 307, 309 S.E. 2d at 492, *quoting, State v. Lindsey*, 58 N.C. App. 564, 565-66, 293 S.E. 2d 833, 834, *disc. rev. denied*, 306 N.C. 747, 295 S.E. 2d 761 (1982).

Furthermore in *Goforth* we held that "to show probable cause, an affidavit must establish reasonable cause to believe that the proposed search for evidence of the designated offense will 'reveal the presence upon the described premises of the objects sought and that they will aid in the apprehension or conviction of the offender.'" *Goforth*, 65 N.C. App. at 307-08, 309 S.E. 2d at 493, *quoting in part, State v. Campbell*, 282 N.C. 125, 129, 191 S.E. 2d 752, 755 (1972).

The affidavit offered to justify a finding of probable cause and now challenged by defendant, stated:

On 7-1-86 a confidential and reliable source of information who in the past has provided information that led to arrest of three persons in violation of the controlled substance act contacted this applicant and advised that with in [sic] the past 48 hours he had been to the above described location and had seen Dorthy [sic] Keys selling small packets containing white powder that Dorthy [sic] Keys represented to be heroin.

Beaufort County ABC Officer William Boyd advised this applicant that he had received information from another confidential informant who has given reliable drug information in the past that Dorthy [sic] Keys was selling heroin in the Washington area and was bring [sic] the heroin to Washington from out of state.

As the affidavit recounts, the information justifying the search warrant was received from two reliable sources. The first informant relayed the information to Agent McLeod within forty-eight hours after gathering it. This information consisted of the informant's eyewitness statement that he was present and saw

defendant sell packets of white powder identified by defendant as heroin. The second informant's statement to ABC Officer William Boyd affirmed that defendant's actions were ongoing and that the incident reported by the first informant was not an isolated occurrence.

Statements in the affidavit made by the informants not only identified defendant as selling heroin in the Washington, North Carolina area, but the first informant also specifically designated 120 West 7th Street as the premises from which defendant was conducting her transactions and where the heroin she possessed could be found.

The information in the affidavit justifying the search warrant related timely facts and circumstances sufficient to identify defendant as a heroin dealer and to implicate the premises at 120 West 7th Street as a place where drugs were being sold. Therefore, we find that probable cause existed for the issuance of the search warrant.

This Court concludes the trial court properly denied defendant's motion for suppression and overrules this assignment of error.

## II.

[4] Defendant assigns as her second error the admission of Officer William Boyd's testimony that he had surveyed 120 West 7th Street for nine to twelve months and had personally observed defendant at that address prior to arresting her. On appeal defendant argues this testimony was irrelevant.

Assuming arguendo that defendant is correct and this testimony was irrelevant, "the admission of irrelevant evidence is generally considered harmless error and not reversible error unless it is of such a nature as to mislead the jury." *State v. Wingard*, 317 N.C. 590, 599, 346 S.E. 2d 638, 645 (1986); *State v. Alston*, 307 N.C. 321, 298 S.E. 2d 631 (1983). "The defendant is not entitled to a new trial based on trial errors unless such errors were material and prejudicial." *State v. Alston*, 307 N.C. at 339, 298 S.E. 2d at 644; *State v. Billups*, 301 N.C. 607, 272 S.E. 2d 842 (1981). "Defendant has the burden of showing that he was prejudiced by the admission of the evidence." *State v. Wingard*, 317 N.C. at 599-600, 346 S.E. 2d at 645; N.C.G.S. § 15A-1443 (1983). To

meet this burden defendant must show "that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C.G.S. § 15A-1443(a) (1983).

In the present case defendant argues only that the evidence was irrelevant and never addresses the effect of the error on her conviction. Therefore, we find defendant has failed to show she was prejudiced by the admission of the evidence and overrule this assignment of error.

### III.

[5] Defendant's third assignment of error contends the trial court erred in instructing the jury concerning the amount of heroin which defendant must possess to be found guilty of the crime charged.

The record discloses that defendant failed to object to the jury instructions at trial. She is, therefore, precluded from raising the issue on appeal unless the trial court's charge was plain error. *State v. Bennett*, 308 N.C. 530, 302 S.E. 2d 786 (1983); *State v. Abbitt*, 73 N.C. App. 679, 327 S.E. 2d 590 (1985).

It is well established that a defendant is not entitled to have her requested instructions given verbatim as long as they are given in substance. *State v. Green*, 305 N.C. 463, 290 S.E. 2d 625 (1982); *State v. Howard*, 274 N.C. 186, 162 S.E. 2d 495 (1968).

After reviewing the record, we find that the trial court's instruction in substance stated all the relevant and legally correct propositions requested by defendant. Further, the instruction given was a correct statement of the law as set forth in *State v. Willis*, 61 N.C. App. 23, 300 S.E. 2d 420, *modified and affirmed on other grounds*, 309 N.C. 451, 306 S.E. 2d 779 (1983). *See also State v. Tyndall*, 55 N.C. App. 57, 284 S.E. 2d 575 (1981). We overrule this assignment of error.

### IV.

[6] In her fourth assignment, defendant contends the State's evidence was insufficient to show she possessed the heroin found in the pocketbook by police on 1 July 1986. Consequently, she argues, the trial court should have granted her motion to set aside the verdict and to order a new trial.

State v. Keys

"Motions to set aside the verdict and for a new trial based upon insufficiency of the evidence are addressed to the discretion of the trial court and refusal to grant them is not reviewable on appeal in the absence of abuse of discretion." *State v. Hamm*, 299 N.C. 519, 523, 263 S.E. 2d 556, 559 (1980); *State v. Jenkins*, 311 N.C. 194, 317 S.E. 2d 345 (1984); *State v. Charles*, 53 N.C. App. 567, 281 S.E. 2d 438 (1981). "A trial court may be reversed for an abuse of discretion only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision." *State v. Wilson*, 313 N.C. 516, 538, 330 S.E. 2d 450, 465 (1985); *State v. Brown*, 314 N.C. 588, 336 S.E. 2d 388 (1985).

A review of the record disclosed the following evidence of defendant's possession of the heroin. When police entered the house at 120 West 7th Street, defendant was sitting alone on the couch in the living room. Laying next to her on the couch was a woman's pocketbook. Upon request, defendant handed the pocketbook to Agent McLeod without disclaiming ownership. Inside the pocketbook Agent McLeod found the heroin upon which defendant's conviction was based. In addition, he found a Piedmont identification card and a Mastercard, each issued in defendant's name, and a New York identification card bearing defendant's name and picture.

In *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706 (1972), the Supreme Court clarified the element of possession, holding that:

> [An accused] has possession of the contraband material within the meaning of the law when he has both the power and intent to control its disposition or use. Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession. Also, the State may overcome a . . . motion for judgment as of nonsuit by presenting evidence which places the accused 'within such close juxtaposition to the narcotic drugs as to justify the jury in concluding that the same was in his possession.'

281 N.C. at 12-13, 187 S.E. 2d at 714 (citations omitted).

The proximity of the pocketbook to defendant's person and the presence of defendant's identification within the pocketbook

were sufficient to give rise to an inference of defendant's possession of the heroin.

Therefore, based upon the law and the facts discussed above, we conclude a rational basis existed for the trial court's denial of defendant's motions to set aside the verdict and to order a new trial, and overrule this assignment of error.

## V.

[7] Finally, defendant contends that the indictment failed to specify the quantity of heroin necessary for conviction under the crime charged and was fatally defective.

Two indictments were filed in this action charging defendant with possession of heroin. The first indictment, filed in July 1986, did not specify the amount of heroin required for conviction. The second indictment, returned 29 September 1986, did include the requisite amount of heroin necessary for conviction. Further, the second indictment, pursuant to N.C.G.S. § 15A-646, superseded the first indictment and controls in the present case. N.C.G.S. § 90-95(h)(4)a, the offense charged, makes it a Class F felony to possess "*four grams or more*, but less than 14 grams" of heroin. In contrast, the indictment charged defendant with possessing "*more than four* but less than fourteen grams of heroin."

This variance, defendant asserts, rendered the indictment fatally defective. In support of her contention defendant relies on *State v. Goforth*, 65 N.C. App. 302, 309 S.E. 2d 488. In *Goforth* three defendants were indicted and convicted of feloniously conspiring "to commit the felony of trafficking in *at least* 50 pounds of marijuana G.S. 90-95(h) . . . ." *Goforth*, 65 N.C. App. at 304, 309 S.E. 2d at 491 (emphasis added). The language of N.C.G.S. § 90-95(h)(1), however, makes it a felony to possess "*in excess* of 50 pounds . . . of marijuana." This Court arrested defendant's convictions under N.C.G.S. § 90-95(h)(1), after finding that possession of *exactly* 50 pounds of marijuana, while included in the wording of the indictment, did not constitute trafficking in marijuana under the statute. Therefore, the indictment was fatally at variance with the statute.

In the present case, the indictment excludes from criminal prosecution the possession of exactly four grams, whereas the statute includes the possession of exactly four grams. The indict-

ment, while limiting the scope of defendant's liability, is clearly within the confines of the statute. Consequently, *Goforth* is inappropriate on these facts.

We conclude, therefore, that the indictment stated the essential elements of trafficking in heroin and overrule this assignment of error.

For the above reasons this Court finds that defendant received a fair trial, free from prejudicial error and affirms the judgment of the trial court.

No error.

Chief Judge HEDRICK and Judge ARNOLD concur.