STATE v. MACK

[214 N.C. App. 169 (2011)]

No. COA10-1020

(Filed 2 August 2011)

**Discovery—possession of cocaine—confidential informant— identity not disclosed—no error**

The trial court did not violate defendant's rights under state law in a possession of controlled substances case by denying defendant's request for a confidential informant's identity to be revealed. The factors weighing against disclosure of the confidential informant's identity were more substantial than the factors supporting disclosure. Furthermore, defendant failed to preserve for appellate review his argument that the trial court violated his federal constitutional rights.

Appeal by defendant from a judgment entered on or about 28 April 2010 by Judge W. Osmond Smith, III in Superior Court, Caswell County. Heard in the Court of Appeals 24 March 2011.

*Attorney General Roy A. Cooper, III, by Associate Attorney General Jonathan D. Shaw, for the State.*

*Peter Wood, for defendant-appellant.*

STROUD, Judge.

Robert Mack, Jr. ("defendant") appeals from a conviction for possession of cocaine with intent to sell or deliver, arguing that the trial court erred by denying his motion to disclose the identity of the State's confidential informant. Because defendant failed to show that the circumstances of his case mandate disclosure of the confidential informant's identity, we find no error in defendant's trial.

## I. Background

On 15 December 2009, defendant was indicted for possession of cocaine with intent to manufacture, sell, and deliver, and for selling cocaine, in violation of N.C. Gen. Stat. § 90-95(a)(1). Defendant was tried on these charges at the 26 April 2010 Criminal Session of Superior Court, Caswell County.

The State's evidence tended to show that on 26 August 2009, undercover officer Deputy Kim Starr ("Deputy Starr") with the Alamance County Sheriff's Department, while working with the Caswell County Sheriff's Department and a confidential informant ("CI"), conducted an undercover purchase of illegal drugs at defendant's house at 14048 N.C. Hwy 119 N., Semora, North Carolina. On the day in question, the CI introduced Deputy Starr to defendant, and defendant asked the CI whether Deputy Starr was "straight." The CI affirmed that Deputy Starr was "straight" and then walked a few feet away to talk with another person in the room while Deputy Starr and defendant carried on their conversation. They "haggl[ed]" over the price of the drugs, and Deputy Starr purchased $25.00 worth of crack cocaine from defendant. At a post-buy location following the undercover purchase, Deputy Starr was shown a picture of defendant, and identified defendant as the person from whom she had purchased drugs. At trial, Deputy Starr again identified defendant as the man who sold her the cocaine on the day in question. Defendant presented no evidence at trial.

On 28 April 2010, the jury found defendant guilty of possession of cocaine with intent to sell or deliver. The trial court sentenced defendant to a term of eight to ten months imprisonment for this conviction. The trial court declared a mistrial on the count of selling cocaine because the jury could not reach a unanimous verdict. Defendant gave oral notice of appeal in open court. Defendant's only argument on appeal is that "the trial court commit[ed] prejudicial error and violated [his] rights under the United States Constitution and State law when it denied [his] motion for the State to reveal the identity of the State's confidential informant."

## II. Preliminary issues

Although not addressed by either party, the record before us presents issues as to whether defendant properly preserved his arguments for appellate review. As noted above, defendant raises a constitutional argument on appeal. However, "[c]onstitutional issues not raised and passed upon at trial will not be considered for the first time on appeal." *State v. Gainey,* 355 N.C. 73, 87, 558 S.E.2d 463, 473, (citation omitted), *cert. denied,* 537 U.S. 896, 154 L. Ed. 2d 165 (2005). A thorough search of the trial transcript reveals that defendant did not raise any constitutional issues at trial; thus, defendant did not preserve any constitutional issue for appellate review.

## III. Motion to disclose

As to defendant's argument that the trial court violated his rights under State law, defendant properly preserved his appellate rights as to his motion to disclose the identity of the State's CI by raising it before the trial court and obtaining a ruling on his motion. *See* N.C.R. App. P. 10(b)(1). In addressing the substance of a claim that the trial court erred in denying his motion to disclose the CI's identity, we have previously stated that

"In *Roviaro v. United States,* 353 U.S. 53, 1 L.Ed. 2d 639, (1957), the United States Supreme Court held it was error not to order the Government to reveal the name of an informant when it was alleged that the informant actually took part in the drug transaction for which the defendant was being tried. The Supreme Court recognized the State has the right to withhold the identity of persons who furnish information to law enforcement officers, but said this privilege is limited by the fundamental requirements of fairness." *State v. Leazer,* 337 N.C. 454, 459, 446 S.E.2d 54, 57 (1994). *Roviaro* held that "no fixed rule with respect to disclosure is justifiable. . . . Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro,* 353 U.S. at 62, 1 L.Ed. 2d at 646.

"The privilege of nondisclosure, however, ordinarily applies where the informant is neither a participant in the offense, nor helps arrange its commission, but is a mere tipster who only supplies a lead to law enforcement officers." *State v. Grainger,* 60 N.C. App. 188, 190, 298 S.E.2d 203, 204 (1982) (citations omitted).

Moreover, "[b]efore the courts should even begin the balancing of competing interests which *Roviaro* envisions, a defendant who requests that the identity of a confidential informant be revealed must make a sufficient showing that the particular circumstances of his case mandate such disclosure." *State v. Watson,* 303 N.C. 533, 537, 279 S.E.2d 580, 582 (1981). . . .

*State v. Stokley,* 184 N.C. App. 336, 341-42, 646 S.E.2d 640, 644 (2007), *disc. review denied,* 362 N.C. 243, 660 S.E.2d 542 (2008). This Court has further stated that

[t]wo factors weighing in favor of disclosure are (1) the informer was an actual participant in the crime compared to a mere informant, e.g., *Roviaro v. United States, supra; State v. Ketchie,* 286 N.C. 387, 211 S.E. 2d 207 (1975), and (2) the state's evidence and defendant's evidence contradict on material facts that the informant could clarify, *McLawhorn v. State of North Carolina,* 484 F.2d 1 (4th Cir. 1973); *State v. Orr,* 28 N.C. App. 317, 220 S.E.2d 848 (1976). Several factors vitiating against disclosure are whether the defendant admits culpability, offers no defense on the merits, or the evidence independent of the informer's testimony establishes the accused's guilt. *State v. Cameron,* [283 N.C. 191, 195, S.E.2d 481 (1973)].

*State v. Newkirk,* 73 N.C. App. 83, 86, 325 S.E.2d 518, 520-21 (1985).

Specifically, defendant contends that the CI's identity should have been revealed because (1) "[t]he confidential informant was a participant in the crime[,]" (2) the CI was material to defendant's case as Deputy Starr failed to make an unequivocal identification of defendant at trial, and (3) if the CI's identity were disclosed and defendant were to call the CI as a witness, the CI could testify that defendant is not the person he introduced Deputy Starr to on the day in question. (emphasis added).

A. Factors in favor of disclosure

As noted above, the first factor "in favor of disclosure[,]" *see id.,* is whether the CI was a participant in the crime. Even though our courts have not articulated a specific definition of when the informer is considered to be a participant in a crime, this Court has previously addressed similar arguments. In *State v. Johnson,* 81 N.C. App. 454, 344 S.E.2d 318 (1986), this Court reversed the trial court's denial of the defendant's motion to compel the State to disclose the CI's identity and granted the defendant a new trial. In addressing the issue of

whether the CI was a participant, the Court in *Johnson* concluded that the CI "participated in this drug sale and accepted [drugs] from defendant when the drug sale was consummated[,]" noting that "[t]he State's confidential informant's presence was required during every phase of [the undercover officer's] undercover investigation[,]" and nothing showed that the defendant would have been comfortable working with only the undercover officer. *Id.* at 458, 344 S.E.2d at 321. However, in *State v. Gilchrest*, 71 N.C. App. 180, 181, 321 S.E.2d 445, 447 (1984), *disc. review denied*, 313 N.C. 332, 327 S.E.2d 894 (1985), the CI introduced the undercover agent to the defendant; defendant got into the car with the CI and the undercover agent; and the undercover agent then purchased cocaine and marijuana from the defendant. This Court concluded that the CI was not a participant because his "only participation in the drug transaction concerned herein was to introduce the State's witness to the defendant and to remain in their presence while the illegal transactions occurred." *Id.* at 182, 321 S.E.2d at 447. Unlike *Johnson*, the CI here did not purchase drugs from defendant. But like *Gilchrest*, the CI merely introduced Deputy Starr to defendant, assured defendant that Deputy Starr was "straight," and then stood aside while Deputy Starr haggled with defendant regarding the price and then purchased drugs from defendant. Simply being present for the transaction, even after introducing the parties, did not make the CI a participant. *See Gilchrest*, 71 N.C. App. at 182, 321 S.E.2d at 447.

Another factor that weighs in favor of disclosure is if "the state's evidence and defendant's evidence contradict on material facts that the informant could clarify." *Newkirk*, 73 N.C. App. at 86, 325 S.E.2d at 520. However, at trial, defendant did not offer any evidence in his defense, let alone evidence that contradicted the State's evidence on material facts.

B. Factors against disclosure

Turning to the first factor "vitiating against disclosure[,]" *see id.*, we note that defendant did not make an admission of culpability. Looking to the second factor, we note that the only "defense on the merits" that defendant raised at trial was that he did not sell drugs to Deputy Starr on the day in question and Deputy Starr was mistaken in her identification of defendant as the person that she purchased drugs from on the day in question. As noted above, defendant raises the same arguments on appeal, arguing that the CI was material to defendant's case as Deputy Starr failed to make an unequivocal iden-

tification of defendant at trial, and if the CI's identity were disclosed and defendant were to call the CI as a witness, the CI could testify that defendant is not the person he introduced Deputy Starr to on the day in question. But from the record before us, it is not clear why the CI's testimony would be helpful for defendant's defense. Even though defendant argues in his brief that "he was not the person who sold the drugs to Deputy Starr[,]" he also speculates that the CI could "either corroborate or impeach the testimony of Deputy Starr[.]" Defendant did not testify at trial or offer any evidence at trial to support his theory. Also, Deputy Starr indicated that there were several people other than the CI at defendant's house on the day in question, so defendant could have presented testimony from another person who was present as to Deputy Starr's allegedly mistaken identification of defendant. As to defendant's claims that Deputy Starr "had difficulty recognizing the drug dealer as [defendant,]" the record is clear that Deputy Starr identified defendant at trial and on the day in question as the person that sold her the crack cocaine. Therefore, we cannot say that the CI was material to defendant's case.

The final factor weighing against disclosure is if "evidence independent of the informer's testimony establishes the accused's guilt." *Newkirk*, 73 N.C. App. at 86, 325 S.E.2d at 520-21. Here, defendant was convicted of possession of cocaine with intent to sell or deliver. The elements of this offense are "1) possession, 2) of a controlled substance, and 3) with intent to sell or deliver . . . ." *State v. Peoples*, 167 N.C. App. 63, 67, 604 S.E.2d 321, 324 (2004). "The crime of possession requires that the contraband be in the custody and control of the defendant and subject to his disposition." *Id.* (quotation marks and citation omitted).

Deputy Starr testified that she bought two rocks of crack cocaine from defendant on the day in question. Justin Sigmond, an analyst with the North Carolina State Bureau of Investigation's crime lab, confirmed that the items that Deputy Starr bought from defendant were crack cocaine. Deputy Starr positively identified defendant at trial as the person who sold her the crack cocaine on the day in question. Accordingly, there was "evidence independent of the informer's testimony [that] establishe[d] the accused's guilt." *See Newkirk*, 73 N.C. App. at 86, 325 S.E.2d at 520-21. As the factors weighing against disclosure of the CI's identity are more substantial than the factors supporting disclosure, we hold that the trial court did not err in denying defendant's request for the CI's identity.

As defendant failed to "make a sufficient showing that the particular circumstances of his case mandate" disclosure of the CI's identity, we need not balance the "competing interests which *Roviaro* envisions[.]" *See id.* Accordingly, we find no error in defendant's trial.

NO ERROR.

Judges HUNTER, JR., Robert N. and THIGPEN concur.