An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1129

Filed: 19 May 2015

Wilson County, No. 12 CRS 55006

STATE OF NORTH CAROLINA, Plaintiff,

v.

RASHON DEVELL WILLIAMS, Defendant.

Appeal by defendant from judgment entered 25 March 2014 by Judge Quentin T. Sumner in Wilson County Superior Court. Heard in the Court of Appeals 6 May 2015.

> *Attorney General Roy Cooper by Assistant Attorney General Oliver G. Wheeler IV, for the State.*
>
> *Adrian M. Lapas for defendant-appellant.*

STEELMAN, Judge.

The trial court did not err by denying defendant's motion to dismiss the charges against him where there was sufficient evidence of incriminating circumstances to support the submission of the theory of constructive possession to the jury. The admission of evidence of defendant's prior bad acts did not rise to the level of plain error. Defendant's claim of ineffective assistance of counsel is dismissed without prejudice to his right to file a motion for appropriate relief in the trial court.

## I. Factual and Procedural History

On 15 November 2012 Detective David Seagroves of the Wilson Police Department obtained a search warrant for the premises located at 1009 Washington Street, Wilson. The search warrant was executed on 16 November 2012, and items were seized from the house. On 5 August 2013 defendant was indicted for felonious possession of cocaine, possession with intent to sell or deliver cocaine, and the felony of intentionally maintaining a dwelling for keeping and selling controlled substances. Prior to trial the State dismissed the possession of cocaine charge. The charges against defendant came on for trial at the 25 March 2014 criminal session of Superior Court for Wilson County.

## A. State's Evidence

In November 2012 Detective Seagroves was in the narcotics division of the Wilson Police Department. On 15 November 2012 Detective Seagroves observed defendant at the residence engaging in a controlled drug sale of crack cocaine to a confidential informant. Detective Seagroves obtained a search warrant for the Washington Street house and the next day he led several law enforcement officers in executing the search warrant. When the officers entered the house, defendant's mother was in the living room, and defendant and his brother, Broderick Hagins, were sleeping in the middle bedroom. The officers seized the following items from defendant's bedroom: (1) plastic baggies containing a white residue; (2) a pill bottle

with a white residue; (3) a digital scale with white residue on it; (4) a red bandana, which Detective Seagroves associated with gang membership; (5) a pot scrubber of a type that Detective Seagroves testified was often used as a filter in a crack pipe; (6) a marijuana roach; and (7) mail addressed to defendant at 1009 Washington Street, including a release order from another criminal case.

Defendant's brother and mother were released, but defendant was arrested and taken to the police station, where he made a statement after being informed of his *Miranda* rights. In defendant's statement, he stated (1) that he lived at 1009 Washington Street, (2) that he knew the scale contained cocaine residue, (3) that he had previously sold cocaine, (4) that he was not selling cocaine "right now" or "lately" because "the dope out there isn't any good," and (5) that the drugs found in the bedroom belonged to his brother. In addition to the testimony of Detective Seagroves, the State presented expert testimony that the digital scale and pill bottle contained a residue amount of crack cocaine.

### B. Defendant's Evidence

Defendant testified that on 16 November 2012 he was living at 1009 Washington Street, where he shared a bedroom with his brother, Broderick. He had previous convictions for larceny, possession of cocaine, and several misdemeanor offenses. Defendant denied belonging to a gang, but admitted that he "was affiliated with guys that [were] in the gang." He had sold cocaine within the six months before

his arrest, but was not selling cocaine on 15 November 2012. He was unemployed at that time, and earned money through illegal gambling. He had used "pills and cocaine" a few days before trial, but did not own the drugs found in his bedroom. His brother also sold drugs, and his mother was "a cocaine addict."

On 25 March 2014 the jury found defendant guilty of felonious possession with intent to sell or deliver cocaine, and the misdemeanor offense of knowingly maintaining a dwelling for keeping or selling controlled substances. The trial court imposed a consolidated judgment, sentencing defendant to eight to nineteen months imprisonment.

Defendant appeals.

## II. Constructive Possession

In his first argument, defendant contends that the trial court erred in denying his motions to dismiss at the close of the State's evidence and again at the close of all the evidence. Defendant argues that the State failed to show that he had constructive possession of the cocaine. We disagree.

## A. Standard of Review

" 'This Court reviews the trial court's denial of a motion to dismiss *de novo*.' 'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such

offense. If so, the motion is properly denied.' " *State v. Ruffin*, __ N.C. App. __, __, 754 S.E.2d 685, 690 (2014) (quoting *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007) (citation omitted), and *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000) (internal quotation omitted)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980) (citation omitted). " 'In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor.' 'Contradictions and discrepancies do not warrant dismissal of the case; rather, they are for the jury to resolve. Defendant's evidence, unless favorable to the State, is not to be taken into consideration.' In this case, since defendant presented evidence, we only review the sufficiency of the evidence as of the close of all of the evidence." *Ruffin*, __ N.C. App. at __, 754 S.E.2d at 690 (quoting *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), and *State v. Franklin*, 327 N.C. 162, 172, 393 S.E.2d 781, 787 (1990) (citations omitted), and citing *State v. Britt*, 87 N.C. App. 152, 154, 360 S.E.2d 291, 292 (1987)).

Defendant challenges only the sufficiency of the evidence that he possessed the cocaine. "[D]efendant was convicted of possession of cocaine with intent to sell or deliver. The elements of this offense are '1) possession, 2) of a controlled substance,

and 3) with intent to sell or deliver[.]' " *State v. Mack*, 214 N.C. App. 169, 174, 718 S.E.2d 637, 640 (2011) (quoting *State v. Peoples*, 167 N.C. App. 63, 67, 604 S.E.2d 321, 324 (2004)). The sufficiency of the evidence of possession is pertinent to that charge. However, "[p]ossession is not an element of the offense of maintaining a dwelling for keeping and selling a controlled substance." *State v. Rosario*, 93 N.C. App. 627, 634, 379 S.E.2d 434, 438, *disc review denied*, 325 N.C. 275, 384 S.E.2d 527 (1989). Thus, defendant has failed to challenge his conviction for maintaining a residence and we do not address that offense.

## B. Discussion

Defendant contends that there was insufficient evidence of incriminating circumstances to support submission of the theory of constructive possession to the jury, given that defendant's use of the premises was non-exclusive.

> Possession may be either actual or constructive. 'Under the theory of constructive possession, a person may be charged with possession of an item such as narcotics when he has both the power and intent to control its disposition or use, even though he does not have actual possession.' . . . [If] the defendant does not have exclusive control of the premises, then 'other incriminating circumstances must be established for constructive possession to be inferred.' Nevertheless, this Court has held that '[t]he State is not required to prove that the defendant . . . was the only person with access to [the controlled substance.]' Indeed, 'the State may overcome a motion to dismiss . . . by presenting evidence which places the accused within such close juxtaposition to the narcotic drugs as to justify the jury in concluding that the same was in his possession.' "

*State v. Henry*, __ N.C. App. __, __, 765 S.E.2d 94, 101 (2014) (quoting *State v. Davis*, 325 N.C. 693, 697, 386 S.E.2d 187, 190 (1989) (internal quotation omitted), *State v. Neal*, 109 N.C. App. 684,686, 428 S.E.2d 287, 289 (1993), *State v. Rich*, 87 N.C. App. 380, 382, 361 S.E.2d 321, 323 (1987), and *State v. Harvey*, 281 N.C. 1, 12-13, 187 S.E.2d 706, 714 (1972) (internal quotation omitted) (additional citations omitted)).

"[O]ur review of the relevant decisions reveals that the cases finding sufficient proof of constructive possession frequently include evidence of one or more of the following: First, constructive possession cases often include evidence that the defendant had a specific or unique connection to the place where the drugs were found." *State v. Ferguson*, 204 N.C. App. 451, 460-61, 694 S.E.2d 470, 477-78 (2010) (citing *State v. Butler*, 356 N.C. 141, 144, 567 S.E.2d 137, 139 (2002) (other citations omitted)). "Secondly, many constructive possession cases involve evidence that the defendant behaved suspiciously, [or] made incriminating statements admitting involvement with drugs[.]" *Id.* (citations omitted). "Finally, constructive possession is often based, at least in part, on other incriminating evidence in addition to the fact that drugs were found near the defendant." *Id.* (citing *State v. McNeil*, 359 N.C. 800, 801, 617 S.E.2d 271, 272 (2005), and *State v. Wiggins*, 185 N.C. App. 376, 388, 648 S.E.2d 865, 873 (2007)).

In this case, defendant admitted that he lived at 1009 Washington Street, and that the cocaine was found in his bedroom. Detective Seagroves had personally

observed defendant selling cocaine from his home the day before defendant's arrest. In addition, defendant admitted that he had sold cocaine within several months of his arrest, and had used cocaine and pills within a few days of trial. Moreover, in the statement given by defendant at the time of his arrest, he did not claim to have given up selling cocaine, but stated that he was not selling drugs at the moment because the available cocaine was of low quality. We easily conclude that the State presented an abundance of incriminating circumstances, and that the evidence was sufficient to allow a reasonable juror to find, although defendant's access to the cocaine was non-exclusive, that he was in constructive possession of the evidence seized from his room. The trial court did not err by denying defendant's motion to dismiss the charge.

Defendant's argument that the State failed to offer adequate evidence of incriminating circumstances tying him to the items seized in his room rests primarily on his assertions that his brother also had access to the area where the drugs were found, and that there were deficiencies in the State's evidence, such as the absence of fingerprints. For "circumstantial evidence to be sufficient to overcome a motion to dismiss, it need not, however, point unerringly toward the defendant's guilt so as to exclude all other reasonable hypotheses." *State v. Steelman*, 62 N.C. App. 311, 313, 302 S.E.2d 637, 638 (1983) (citing *State v. Jones*, 303 N.C. 500, 279 S.E. 2d 835 (1981)). Regarding the absence of certain forensic evidence, "[a]lthough defendant was certainly free to argue this theory to the jury, these additional facts make the

State's evidence no less sufficient to send to the jury." *Butler*, 356 N.C. at 148, 567 S.E.2d at 141.

Defendant also asserts that the outcome of the present case is controlled by *State v. McLaurin*, 320 N.C. 143, 357 S.E.2d 636 (1987). However, *McLaurin* is readily distinguishable, as in that case "there was no evidence of other incriminating circumstances linking [the defendant] to [the contraband.]" *McLaurin*, 320 N.C. at 147, 357 S.E.2d at 638. In the present case, as detailed above, there were numerous incriminating circumstances.

This argument is without merit.

### III. Evidence of Prior Bad Acts

In his second argument, defendant contends that it was plain error for the trial court to admit evidence of defendant's prior criminal activity and his association with a street gang. Defendant characterizes this as evidence admitted under North Carolina Rules of Evidence 404(b), which provides that evidence of "other crimes, wrongs, or acts" may be admissible for purposes "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." Because defendant did not object to admission of the evidence, we have no way to know whether the prosecutor might have sought its admission on some other basis. We conclude, however, that admission of the challenged evidence, even if error, did not amount to plain error on the facts of this case.

"In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C. R. App. P. 10(a)(4). However:

> For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice -- that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affect[s] the fairness, integrity or public reputation of judicial proceedings[.]

*State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (internal citations and quotation marks omitted).

The testimony to which defendant objects on appeal falls into two main categories. First, defendant challenges the admission of testimony by Detective Seagroves indicating that defendant had previously been charged with or convicted of criminal offenses, including his testimony that he had arrested defendant at the Washington Street address, that he knew defendant through his work as a police officer, and that there was a release order in defendant's bedroom. However, Defendant testified at trial, was examined about his criminal record, and admitted to engaging in illegal activities, including gambling and selling drugs. We hold that

Detective Seagroves's references to defendant's criminal past did not add appreciably to defendant's own admissions, and did not have a probable effect on the jury's finding that defendant was guilty.

Secondly, defendant argues that it was plain error to allow Detective Seagroves to suggest that defendant was involved with a street gang, and directs our attention to the officer's testimony that the red bandana found in defendant's bedroom was a type favored by gang members and that there was a "file" on defendant in the police department's gang unit. However, defendant admitted at trial that he "was affiliated with" gang members. Defendant also argues on appeal that the officer testified "without objection" that defendant had a gang tattoo, and that the State "elicited from the detective during its case-in-chief that on a previous occasion [defendant] had 'self-admitted' to being involved in gang activity." Contrary to defendant's assertion, it was <u>defendant</u> who elicited this testimony on cross-examination:

> DEFENSE COUNSEL: . . . [Y]ou said you had a file or something on Mr. Williams previously? Is that correct?
>
> . . .
>
> A. Are you talking about the gang? Anytime we have interactions with anybody, we create a file on someone . . . if there was another case where they're observed wearing a flag or if they self-admitted.
>
> Q. All right. Did Mr. Williams ever self-admitted?
>
> A. He self-admitted to me before.

. . .

Q. Did he admit that he was involved in any gang activity?

A. Yes, sir. He actually has a gang tattoo right on his forehead.

We agree with defendant that his affiliation with a gang was not relevant to the issues in this case. However, given defendant's admissions at trial and the strength of the State's evidence, we hold that the references to defendant's possible gang membership did not have a probable impact on the jury's finding that he was guilty. Defendant has failed to establish that the admission of evidence regarding his prior criminal record and his affiliation with a gang, even if error, amounted to plain error.

This argument lacks merit.

## IV. Ineffective Assistance of Counsel

Defendant's final argument is that he was denied the effective assistance of counsel. "Generally, claims of ineffective assistance of counsel should be considered through motions for appropriate relief and not on direct appeal. A motion for appropriate relief is preferable to direct appeal[.]' " *State v. Johnson*, 203 N.C. App. 718, 722, 693 S.E.2d 145, 147 (2010) (quoting *State v. Stroud*, 147 N.C. App. 549, 554, 557 S.E.2d 544, 547 (2001)). Defendant's claim of ineffective assistance of counsel is dismissed, without prejudice to his right to file a motion for appropriate relief in the trial court.

## V. Conclusion

For the reasons discussed above, we conclude that defendant had a fair trial, free of reversible error, and that his claim of ineffective assistance of counsel should be dismissed without prejudice.

NO ERROR AS TO TRIAL, DISMISSED AS TO INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.

Judges STEPHENS and McCULLOUGH concur.

Report per Rule 30(e).