STATE OF NORTH CAROLINA v. STEVE ALLEN STEELMAN

No. 8223SC817

(Filed 17 May 1983)

**Automobiles and Other Vehicles § 119.1— reckless driving—speeding while attempting to elude arrest—sufficiency of evidence of identity of driver**
    There was sufficient evidence of the identity of the driver of a vehicle involved in a prosecution for reckless driving and speeding while attempting to elude arrest even though there was apparently a period of time when no one saw the car involved in the offenses where an officer and a highway patrolman both described the driver as male and the passenger as female and the patrolman identified defendant as the driver.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 18 March 1982 in Superior Court, WILKES County. Heard in the Court of Appeals 9 February 1983.

Defendant was tried for several traffic violations, including reckless driving and speeding while attempting to elude arrest. The State's evidence tended to show that on 10 June 1981, at about 8:45 p.m., Wilkesboro police officer Gary Parsons observed a red 1972 Toyota traveling at a high rate of speed on U.S. 421. The driver, who was male, did not appear to be wearing a shirt. There was a female passenger in the vehicle. The vehicle turned right at a traffic light without stopping and then failed to stop at a stop sign. Parsons turned on the blue light and siren in his patrol car and pursued the Toyota down U.S. 421. Parsons was traveling 85 m.p.h. and was not gaining on the vehicle. The Toyota then turned down another road, ran onto a traffic island, and hit a sign. While traveling approximately 75 m.p.h., it passed several cars in a no passing 35 m.p.h. zone. The officer lost sight of the vehicle when it turned again onto a logging road. He was unable to follow the vehicle down that road, due to brush and a pine tree which was lying across the road. He drove on to where the logging road came out, just off Country Club Road, which by way of the logging road would have been about a ¾ mile drive. Meanwhile, a highway patrolman spotted the Toyota on Country Club Road about 9:00 p.m. and followed it to where it pulled off onto a private drive and wrecked in a garden. The driver, who was not wearing a shirt, and a female passenger got out of the car and ran off. The patrolman identified defendant as the driver. Officer Parsons arrived at the scene about 9:05 p.m., after defendant had fled and some five to ten minutes after Parsons last saw the Toyota.

Defendant presented alibi evidence.

Defendant was convicted of reckless driving and speeding while attempting to elude arrest. From a consolidated judgment imposing a two-year prison sentence, defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Associate Attorney Philip A. Telfer, for the State.*

*Vannoy, Moore and Colvard, by J. Gary Vannoy, for defendant appellant.*

State v. Steelman

WEBB, Judge.

The only question brought forward in this appeal is whether the court erred in denying defendant's motion to dismiss at the close of all the evidence. Defendant does not argue that the evidence was insufficient to show that the crimes were in fact committed. His sole contention is that the State failed to offer sufficient evidence to prove his identity as the driver of the vehicle at the time the offenses were committed. We do not agree.

We believe *State v. Newton*, 207 N.C. 323, 177 S.E. 184 (1934), supports the trial court's denial of defendant's motion. In *Newton*, two men, traveling toward Farmville in a Ford roadster with yellow wheels, struck and injured some children on the shoulder of the road and then drove on. A Ford roadster, with yellow wheels, was subsequently seen by a witness about ¼ mile away. Between the time the children were struck and the time this witness arrived at their location, no other cars passed. Apparently about ten minutes later, a Ford roadster, headed toward Farmville, was found wrecked on the same highway. The two defendants, who were near the car, indicated that they had been drinking and that they had had another wreck. The court found this evidence sufficient to go to the jury on the issue of whether the car which struck the children was under the control of the defendants.

In the present case, as in *Newton*, there was apparently a period of time when no one saw the car involved in the offenses. The defendant in this case theorizes that during that interval, the driver and passenger could have switched positions. This argument ignores the incontroverted fact that Officer Parsons and the highway patrolman both described the driver as male and the passenger as female. The defendant also submits that some unknown third person could have got out from behind the wheel and let defendant drive. We recognize that there are numerous possibilities as to what might have happened on the logging road that night. For circumstantial evidence to be sufficient to overcome a motion to dismiss, it need not, however, point unerringly toward the defendant's guilt so as to exclude all other reasonable hypotheses. *State v. Jones*, 303 N.C. 500, 279 S.E. 2d 835 (1981). The evidence is sufficient to go to the jury if it gives rise to "a reasonable inference of defendant's guilt." *State v. Rowland*, 263

Moore v. Upchurch Realty Co.

N.C. 353, 358, 139 S.E. 2d 661, 665 (1965). We have reviewed the evidence in the light most favorable to the State and find it sufficient to support a reasonable inference of defendant's guilt and hence withstand defendant's motion to dismiss.

Defendant also contends his motion to dismiss should have been allowed because the highway patrolman's testimony which identified defendant as the driver of the wrecked car was "inherently incredible as a matter of law." The highway patrolman, who had never seen defendant before, testified that he was approximately 30 feet away when the car doors opened and the driver and passenger ran. Although the sun had gone down, it was still light. The patrolman made his identification as he ran toward the side of the fleeing driver, and he was able to give other officers a description of this man. We believe there is a reasonable possibility that the patrolman had sufficient observation of the driver to permit him to subsequently identify the defendant. The credibility of his testimony was thus a matter for jury determination. *State v. Miller*, 270 N.C. 726, 154 S.E. 2d 902 (1967).

No error.

Judges BECTON and PHILLIPS concur.