STATE OF NORTH CAROLINA
v.
CHRISTOPHER LEE ANGRAM.
No. COA08-810
Court of Appeals of North Carolina.
Filed April 7, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Steven A. Armstrong, for the State.
Mercedes O. Chut, for defendant-appellant.
JACKSON, Judge.
Christopher Lee Angram ("defendant") appeals his convictions for possession of and sale and delivery of cocaine. For the reasons stated below, we hold no error.
On 28 February 2007, Officer Aaron Lisenbee ("Officer Lisenbee"), of the Hendersonville Police Department, was working undercover, attempting to buy drugs in a neighborhood targeted due to resident complaints about drug activity and violent crime. Due to the potential danger, Officer Lisenbee had Officer Tim Griffin ("Officer Griffin") accompany him to monitor the situation. At approximately 3:17 p.m., as Officer Lisenbee rode down the street on a moped, he was approached by a man who attempted to sell him drugs. That man was called off by defendant, who approached Officer Lisenbee and asked him "what [he] was looking for."
Officer Lisenbee told defendant that he was trying to buy a "forty", which meant two $20.00 rocks of crack cocaine. Defendant gave Officer Lisenbee two rocks of crack cocaine in exchange for two $20.00 bills. The buy took place during daylight hours, and defendant stood about one or two feet away from Officer Lisenbee for about ten or fifteen seconds. At the time, defendant was wearing blue jeans, a black and silver pullover sweat shirt with white designs that looked liked the number eight on it, and a camouflage jacket with a hood pulled over his head. Officer Lisenbee called Detective David Adams ("Detective Adams"), who was the police department's narcotics detective, and gave him a description of defendant.
Officer Lisenbee did not immediately arrest defendant because there were six other people in the area. Arresting defendant under those circumstances would have jeopardized Officer Lisenbee's safety and the ongoing drug investigation by exposing him as an undercover officer. Instead, Officer Lisenbee took the crack cocaine to Detective Adams at a nearby meeting place. Officer Lisenbee continued to work undercover.
Approximately one hour after the initial contact with defendant, Officer Lisenbee bought another rock of crack cocaine from defendant for $40.00. Officer Lisenbee recognized defendant from the prior drug deal, and defendant was wearing the same clothing. Again, Officer Lisenbee called Detective Adams to report the deal and then turned the drugs over to him. Officer Lisenbee made nine such buys that day.
Officer Lisenbee saw defendant for a third time at a nearby park approximately one hour later. It was still daylight. Officer Lisenbee was certain that defendant was the same person from whom he had bought crack cocaine twice earlier in the day. Officer Lisenbee recognized defendant immediately and noted that he was wearing the same clothes. When officers approached defendant in the park, he attempted to run away. The officers caught and arrested defendant approximately two blocks from where they originally encountered him. Officer Lisenbee recognized defendant again at the magistrate's office. Officer Lisenbee, Officer Griffin, and Detective Adams all identified defendant at trial.
Defendant testified that he had been sitting in a truck with friends in the park for about five minutes when the officers approached. Defendant was on probation at the time, and stated that he ran because he was scared. He denied selling drugs. He further testified that he was wearing a "brownish/gold" jacket with Michael Jordan shoes on it, and did not own a camouflage jacket. A property inventory sheet from the jail showed that defendant was wearing a "brown jacket, cream colored shirt, blue pants, black shoes, a black belt and a charger" when he was brought to the jail after his arrest.
On 23 January 2008, the jury found him guilty of two counts each of possession with intent to sell and deliver cocaine and sale and delivery of cocaine. Defendant was determined to be a record level II and was sentenced in the presumptive range to two consecutive terms of twelve to fifteen months in prison. Defendant appeals.
Defendant's sole argument on appeal is that the trial court erred when it denied his motions to dismiss, because the State presented insufficient evidence that he was the man who sold the drugs to Officer Lisenbee. We disagree.
When a defendant moves for dismissal, the trial court is to determine whether there is substantial evidence (a) of each essential element of the offense charged, or of a lesser offense included therein, and (b) of defendant's being the perpetrator of the offense. If so, the motion to dismiss is properly denied.
State v. Earnhardt, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651-52 (1982) (citing State v. Roseman, 279 N.C. 573, 580, 184 S.E.2d 289, 294 (1971)). "The trial court must review the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn therefrom." State v. Squires, 357 N.C. 529, 535, 591 S.E.2d 837, 841 (2003) (citing State v. Barnes, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)), cert. denied, 541 U.S. 1088, 159 L. Ed. 2d 252 (2004).
Defendant's contention that the State presented insufficient evidence of his identity as the drug dealer is rooted in his own self-serving testimony that his clothing did not match the description given by Officer Lisenbee. In evaluating the sufficiency of the evidence, however, defendant's evidence is not to be considered unless it is favorable to the State. See Earnhardt, 307 N.C. at 67, 296 S.E.2d at 653 (citing State v. Jones, 280 N.C. 60, 66, 184 S.E.2d 862, 866 (1971)). Further, although defendant contends that the jail inventory form also provides a description of his clothing that differs from Officer Lisenbee's, the form's description of defendant's clothing as a "brown jacket" and "blue pants" actually is similar to Officer Lisenbee's description of a camouflage jacket and blue jeans.
In addition, the State offered substantial direct evidence of defendant's identity. Officer Lisenbee bought drugs from defendant twice within the span of approximately one hour. During the drug buys, Officer Lisenbee viewed defendant's face from within one to two feet. Officer Lisenbee saw defendant for a third time approximately one hour after the second buy and identified defendant so the other officers could arrest him. All of those sightings took place during daylight hours. Officer Lisenbee saw defendant for a fourth time at the magistrate's office and recognized him again as the man who twice sold him crack cocaine. At trial, Officer Lisenbee was certain that defendant was the person who sold drugs to him while he was working undercover. Officer Griffin and Detective Adams also identified defendant in court. See State v. Steelman, 62 N.C. App. 311, 313, 302 S.E.2d 637, 638 (1983).
Based upon substantial evidence that defendant was the person who sold drugs to Officer Lisenbee during the undercover operation, we hold the trial court properly denied defendant's motions to dismiss.
No error.
Judges McGEE and ROBERT C. HUNTER, concur.
Reported per Rule 30(e).